United States District Court
Southern District of Texas
**ENTERED**
April 19, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICHARD SCOTT SHAFER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00049 |
| | § | |
| JERRY SANCHEZ, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DENY PLAINTIFF'S MOTION FOR
<u>PRELIMINARY AND PERMANENT INJUNCTION</u>**

Plaintiff Richard Scott Shafer, a Texas inmate proceeding *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's Motion for Preliminary and Permanent Injunction. (D.E. 2). For the reasons set forth below, it is respectfully recommended that this motion be **DENIED**.

**I.  BACKGROUND**

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and is currently residing at the McConnell Unit in Beeville, Texas. The facts giving rise to Plaintiff's claims in this lawsuit occurred during Plaintiff's current assignment to the McConnell Unit.

In his First Amended Complaint, Plaintiff sues the following defendants in their individual and official capacities: (1) Warden Jerry Sanchez; (2) the TDCJ's Executive Director; (3) Officer Zamez; (4) Unknown McConnell Unit Officer; (5) Officer Lara; (6) Unit Grievance Officer A. Johnson; (7) Officer Garner; (8) Sgt. Reyes; (9) Officer Montoya; and (10) Unknown Sergeant.  Plaintiff generally claims that Defendants acted with deliberate indifference to his health and safety by subjecting him to: (1) excessive heat conditions in the summers of 2020 and 2021; and (2) infestations of rodents and cockroaches that carry disease. (D.E. 12, pp. 4-11).  Plaintiff seeks declaratory, injunctive, and monetary relief.  (D.E. 12, pp. 12-13).  On April 15, 2022, the undersigned ordered service of Plaintiff's First Amended Complaint on Defendants.  (D.E. 11).

Plaintiff moves the Court for a preliminary and permanent injunction.  (D.E. 2).  In his motion, Plaintiff asserts that: (1) his exposure to excessive heat and humidity cause a substantial threat to his health; and (2) the threats presented by the infestation of rodents and disease-carrying insects remain continuous.  (D.E. 2, pp. 3-5).  According to Plaintiff, the extreme heat and humidity conditions inside the McConnell Unit cause roaches and other vermin to reproduce.  (D.E. 2, p. 5).

Plaintiff seeks preliminary and permanent injunctive relief in the form of enjoining Defendants from both retaliating against Plaintiff and also transferring him to another unit until all avenues of redress have been exhausted.  (D.E. 2-2, pp. 1-2).  Plaintiff further asks the Court to: (1) immediately place Plaintiff in air-conditioned restrictive housing with allowances to conduct his normal routines; (2) increase measures for the elimination of

rodents and insects; and (3) install air conditioners within one year throughout the McConnell Unit, including each housing area. (D.E. 2-2, pp. 1-2).

## II. DISCUSSION

To obtain a preliminary injunction under Federal Rule of Civil Procedure 65, the movant must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) the injunction will not disserve the public interest. *Texans for Free Enterprise v. Texas Ethics Com'n*, 732 F.3d 535, 536-37 (5th Cir. 2013). Injunctive relief is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance. *Sepulvado v. Jindal,* 729 F.3d 413, 417 (5th Cir. 2013) (internal citations and quotations omitted). Plaintiff must carry the burden as to all four elements before a preliminary injunction may be considered. *Voting for America, Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (internal quotations and citations omitted).

For a permanent injunction to issue, Plaintiff must prevail on the merits of his claim and establish that equitable relief is appropriate in all other respects. *See Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 847 (5th Cir. 2004) (citing *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987) (recognizing that the standard for a permanent injunction is essentially the same as for a preliminary injunction with the exception that the plaintiff must show actual success on the merits rather than a mere likelihood of success)).

### A.      Substantial Likelihood of Success or Actual Success

Plaintiff first must demonstrate a likelihood of success on the merits with respect to his Eighth Amendment claims of deliberate indifference in order to obtain preliminary injunctive relief. *Sepulvado*, 729 F.3d at 417. The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. amend. VIII. Prison officials are required to must provide humane conditions of confinement and ensure that inmates receive adequate food, water, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Flores v. TDCJ Transitorial Planning Dept.*, No. 2:14-CV-283, 2015 WL 10436114, at *2 (S.D. Tex. Nov. 17, 2015).

An Eighth Amendment violation occurs when a prison official is deliberately indifferent to an inmate's health and safety. *Farmer*, 511 U.S. at 834. The test for deliberate indifference has both an objective and subjective prong. *Id.* at 839. Under the objective prong, the inmate "must first prove objective exposure to a substantial risk of serious harm." *Trevino v. Livingston*, No. 3:14-CV-52, 2017 WL 1013089, at *3 (S.D. Tex. Mar. 13, 2017) (citing *Gobert v. Caldwell*, 463 F.3d 339, 345-46 (5th Cir. 2006)). To prove the subjective prong of the deliberate indifference test, the inmate "must establish that the defendants were aware of an excessive [or substantial] risk to the plaintiff's health or safety, and yet consciously disregarded the risk." *Cook v. Crow*, No. 1:20-CV-85, 2021 WL 6206795, at *3 (E.D. Tex. July 26, 2021) (citing *Farmer*, 511 U.S. at 397 and *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002)).

The mere presence of insects and pests in a prison unit are not a *per se* constitutional violation. *See Alex v. Stalder*, 73 F. App'x 80 (5th Cir. 2003). Circumstances exist, however, "where an infestation of pests can rise to the level of a constitutional violation." *Gasca v. Lucio*, No. 1:20-cv-160, 2021 WL 4198405, at *6 (S.D. Tex. May 24, 2021) (citing *Gates v. Cook*, 376 F.3d 323, 340 (5th Cir. 2004)). "In determining whether a pest infestation poses an objective risk of harm, a court should consider whether (1) the pests are present in the plaintiff's cell; (2) the pests have come in contact with the plaintiff's person or property; (3) whether the plaintiff has been bitten or stung or otherwise suffered physical or psychological harm; and (4) whether the plaintiff's property has been damaged." *Amos v. Cain*, No. 4:20-CV-7, 2021 WL 1080518, at *12 (N.D. Miss. Mar. 19, 2021) (citing *Smith v. Dart*, 803 F.3d 304, 312 (7th Cir. 2015)).

Extreme temperatures in a prison can violate the Eighth Amendment. *Yates v. Collier*, 868 F.3d 354, 360 (5th Cir. 2017); *Ball v. LeBlanc*, 792 F.3d 584, 592 (5th Cir. 2015); *Gates v. Cook*, 376 F.3d 323, 333 (5th Cir. 2004). Thus, to constitute an Eighth Amendment violation, such extreme temperatures in prison "must pose 'an unreasonable risk of serious damage' to a prisoner's health[,] … and prison officials must have acted with deliberate indifference to the risk posed." *Ball*, 792 F.3d at 592 (quoting *Helling v. McKinney*, 509 U.S. 25, 33-35 (1993)). "Without the requisite proof of both subjective and objective components of an Eighth Amendment violation, however, merely 'uncomfortable' heat in a prisoner's cell does not reflect a 'basic human need that the prison

has failed to meet' and is not constitutionally suspect." *Id.* (citing *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995)).

"Deliberate indifference is an extremely high standard to meet." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001). The Fifth Circuit has "consistently recognized … that 'deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm.'" *Dyer v. Houston*, 964 F.3d 374, 381 (5th Cir. 2020) (quoting *Thompson v. Upshur Cty., Tex.*, 245 F.3d 447, 458-59 (5th Cir. 2001)). *See also Aguirre v. City of San Antonio*, 995 F.3d 395, 420 (5th Cir. 2021) ("Negligence or even gross negligence is not enough, the officials must have actual knowledge of the substantial risk"). The Supreme Court further explains that "an official's failure to alleviate a significant risk that he should have perceived but did not" falls short of constituting deliberate indifference. *Farmer*, 511 U.S. at 838.

Plaintiff states in his affidavit that he has been bitten by harmful rodents, roaches, and insects while confined at the McConnell Unit. (D.E. 2-1, p. 1). He further states in his affidavit that he has reported these bites to medical and prison officials but that they have done nothing to eliminate the infestations of rodents and insects other than through sporadic and random pesticide treatments. (D.E. 2-1, pp. 1-2).

Plaintiff fails to establish a substantial likelihood of success, much less actual success, with respect to his deliberate indifference claim concerning the pest infestation. Plaintiff does not specify whether any of his bites have caused him serious injury or otherwise posed a substantial risk of harm to him. Furthermore, Plaintiff acknowledges

that prison officials took some remedial measures by having random and sporadic pesticide treatments. *See Brooks v. Bell*, No. 6:17cv18, 2018 WL 8547665, at *7 (E.D. Tex. Dec. 26, 2018) (concluding that inmate failed to state a plausible claim of deliberate indifference when he acknowledged prison officials had "taken remedial measures by spraying for pests"). Plaintiff otherwise provides no evidence at this time to show that Defendants were aware of a substantial risk of harm to Plaintiff pertaining to the pest infestation at the McConnell Unit and then proceeded to consciously disregard that risk.

On the issue of excessive heat, Plaintiff states in his affidavit that his exposure to extreme heat conditions presents a serious health risk since he has circulation issues making him highly susceptible to heat-related illness and stroke. (D.E. 2-1, pp. 3-4). Plaintiff further states that he has passed out regularly due to his exposure to excessive heat as well as the failure of McConnell Unit officials to conduct health and wellness checks. (D.E. 2-1, p. 4).

Plaintiff fails to establish a substantial likelihood of success, much less actual success, with respect to his deliberate indifference claim concerning his exposure to excessive heat. While indicating that the heat conditions exposed him to a substantial risk of harm, Plaintiff provides no evidence to demonstrate at this time that prison officials were aware of Plaintiff's health issues as is related to his susceptibility to excessive heat and then consciously disregarded that risk.

Lastly, the undersigned notes that the posture of this case is in the early stage, and the parties have not conducted any discovery in this case with respect to Plaintiff's Eighth

Amendment deliberate indifference claims. The undersigned concludes that Plaintiff has failed to show a likelihood of success or actual success[1] at this time with respect to the merits of his claims.

### B. Irreparable Injury

Second, in order to obtain preliminary injunctive relief, Plaintiff must show he will suffer irreparable harm if the injunction is denied. *Sepulvado*, 729 F.3d at 417. While indicating that he has circulation issues, Plaintiff has not identified a medical diagnosis regarding his circulation issues or explain how his condition makes him susceptible to heat-related illnesses or strokes. Plaintiff further provides scant information with regard to those episodes where he passed out due to exposure to excessive heat conditions. Lastly, Plaintiff does not indicate that the temperature conditions at the McConnell Unit provide a current threat to his health.

With regard to the pest infestation, Plaintiff provides no evidence to establish the seriousness of his past bites or how he faces at present a substantial threat of irreparable injury due to the current pest infestation. Because his complaints of irreparable harm are speculative at this time, Plaintiff cannot demonstrate a substantial threat that he will suffer irreparable injury if the injunction is denied.

---

[1] Plaintiff should be mindful that his request for a permanent injunction will be resolved at the conclusion of this case. His request for a permanent injunction, therefore, is premature.

### C. Remaining Elements

Under the third and fourth elements, Plaintiff must demonstrate that the threatened injury outweighs any damage that the injunction might cause the defendant and that the injunction will not disserve the public interest. *Sepulvado*, 729 F.3d at 417. Plaintiff's allegations of irreparable harm do not amount to a constitutional violation at this stage in the proceedings, and in the absence of such a violation, federal courts are reluctant to interfere in the internal affairs of a state prison system. *See Richie v. UTMB Hospital Galveston*, No. 2:12-CV-322, 2012 WL 12871940, at *2 (S.D. Tex. Oct. 18, 2012) (citing *Kahey v. Jones*, 836 F.2d 948, 950 (5th Cir. 1988)).

Lastly, court interference with the McConnell Unit's prison operations would not be in the public's interest without a without a full opportunity for the facts to be developed beyond Plaintiff's allegations. *See Kahey v. Jones*, 836 F.2d 948, 950-51 (5th Cir. 1988). Accordingly, Plaintiff has failed to demonstrate either the third or fourth elements of the preliminary injunctive standard.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that Plaintiff's Motion for Preliminary and Permanent Injunction (D.E. 2) be **DENIED**.

Respectfully submitted on April 19, 2022.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).