Case 2:22-cv-00049   Document 73   Filed on 01/17/23 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
January 17, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICHARD SCOTT SHAFER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00049 |
| | § | |
| JERRY SANCHEZ, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Plaintiff Richard Scott Shafer is a state prisoner incarcerated at the Texas Department of Criminal Justice-Criminal Institutions Division (TDCJ) McConnell Unit in Beeville, Texas. D.E. 2. On July 13, 2022, United States Magistrate Judge Julie K. Hampton issued a Memorandum and Recommendation (M&R, D.E. 40), recommending that Shafer's motion for default judgment (D.E. 24) be denied. Shafer timely filed his objections (D.E. 51). Shafer's main contention is that he is entitled to default judgment against Defendant Jerry Sanchez because Sanchez failed to timely respond to the Magistrate Judge's Order to Show Cause.

"[T]he entry of default judgment is committed to the discretion of the district judge." *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977). A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default. *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (citing *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). In fact, default judgment is a "drastic remedy not favored by the Federal Rules

1 / 2

and resorted to by the courts only in extreme situations." *See Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 842 F.2d 274, 276 (5th Cir. 1989). The Magistrate Judge properly noted that Sanchez filed a responsive motion to Shafer's first amended complaint and is now appearing and participating in the court proceedings. *See* D.E. 20; D.E. 40, p. 4. And Sanchez did respond to the Magistrate Judge's Order to Show Cause. D.E. 30. It is therefore a proper use of the Court's discretion to deny default and Shafer's objection is **OVERRULED**.

Shafer's other contentions are conclusory and fail to address the Magistrate Judge's recommendation. *See Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) (to be considered, the objection must point out with particularity the error in the magistrate judge's analysis).

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Shafer's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Shafer's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Shafer's motion for default judgment is **DENIED**.

ORDERED on January 17, 2023.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE