United States District Court
Southern District of Texas
**ENTERED**
January 17, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICHARD SCOTT SHAFER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00049 |
| | § | |
| JERRY SANCHEZ, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING MEMORANDUM AND RECOMMENDATION
DENYING PLAINTIFF'S MOTION FOR
PRELIMINARY AND PERMANENT INJUNCTIONS**

Plaintiff Richard Scott Shafer is a state prisoner incarcerated at the Texas Department of Criminal Justice-Criminal Institutions Division (TDCJ) McConnell Unit in Beeville, Texas. D.E. 2. On April 19, 2022, United States Magistrate Judge Julie K. Hampton issued a Memorandum and Recommendation (M&R, D.E. 13), recommending that Shafer's motion for preliminary and permanent injunctions (D.E. 2) be denied. Plaintiff timely filed his objections (D.E.14), each of which is addressed below.

**I. General Objections**

First, Shafer repeatedly states that the Magistrate Judge's analysis was arbitrary and prejudiced, contending that she ignored evidence and did not follow precedent. *See* D.E. 14, pp. 3-7. The Court finds that the Magistrate Judge properly applied the binding legal standards. This objection, which fails to identify a specific error in the M&R's findings of

fact or conclusions of law, is improper. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Shafer's first objection is therefore **OVERRULED**.

## II. Substantial Likelihood of Success

### A. Extreme Temperature

Second, Shafer objects to the M&R by citing *Cole v. Collier*, No. 4:14-CV-1698, 2017 WL 3049540 (S.D. Tex. July 19, 2017), as both legal support and factual evidence regarding the medical effects of heat exposure and the ineffectiveness of TDCJ heat mitigation efforts. *See* D.E. 14, pp.3-4. He claims that *Cole* is binding precedent and that the Magistrate Judge erred by not similarly granting him an injunction. *Id*. at 7.

In *Cole*, the court ordered a preliminary injunction in a class action against the TDCJ Wallace Pack Unit for an Eighth Amendment violation regarding extreme heat exposure after reviewing hundreds of exhibits and thirteen days of testimony. 2017 U.S. Dist. LEXIS 112095 at *153. The plaintiffs presented dozens of fact and expert witnesses who testified regarding the plaintiffs' specific medical conditions and the harmful effects of heat, as well as the conditions specific to the Wallace Pack Unit and the knowledge and policies of the defendants. *See id*. Shafer is at a different TDCJ facility and his claims do not have the support necessary to establish a substantial likelihood of success with respect to his deliberate indifference to excessive heat claim at this stage. The Court therefore **OVERRULES** his second objection.

Third, Shafer objects to the M&R's finding that there was no evidence that Defendants were aware of his health issues related to heat exposure and then consciously

disregarded that risk. D.E. 14, p. 2. He cites the fact that his name is on a heat-restricted list that the officers are required to carry with them and that he filed grievances related to being denied respite. *Id*. This evidence was before the Magistrate Judge. *See* D.E. 1, p. 3; D.E. 1-1, pp. 1, 7, 25. It is sufficient to support that Defendants were at least aware of the substantial risk of harm, and the Magistrate Judge erred by stating that there was "no evidence" to support Shafer's contentions. *See* D.E. 13, p. 7. To that extent, Shafer's third objection is **SUSTAINED**.

However, "deliberate indifference is an extremely high standard to meet." *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 755 (5th Cir. 2001). Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm. *Thompson v. Upshur Cnty., Tex.*, 245 F.3d 447, 458-59 (5th Cir. 2001). Shafer's evidence at this time suggests negligence but falls short of showing that Defendants consciously disregarded the risk, as is necessary for a finding of deliberate indifference, because the heat restriction list that Shafer was on was a measure taken to address any heat-related risk to which he might be exposed. Having conducted a de novo review of this portion of the M&R, the Court **FINDS** that Shafer has failed to show a substantial likelihood of success in regard to his excessive heat claim. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

Fourth, Shafer cites *Webb v. Livingston*, 618 F. App'x 201, 209 (5th Cir. 2015), for the general proposition that prison officials can still violate the Eighth Amendment when remedial measures are proven to be inadequate. D.E. 14, p. 6. But Shafer has not provided

evidence of Defendants' remedial measures in regard to the excessive heat claim, let alone challenged their adequacy. *See id.* This objection does not dispute the M&R's finding that Shafer failed to show that Defendants consciously disregarded the risk of excessive heat. *See* D.E. 13, p. 7. Shafer's fourth objection is therefore **OVERRULED**.

### B. Pest Infestation

Fifth, Shafer objects to the Magistrate Judge's statement that "Plaintiff acknowledges that prison officials took some remedial measures" to abate the pest concern. D.E. 14, p. 3. The M&R reasoned that the fact that Defendants sprayed for pesticides defeated the issue of deliberate indifference. *See* D.E. 13, pp. 6-7. Shafer has failed to specifically and factually controvert the effectiveness of Defendant's remedial measures beyond claiming that they are inadequate. Without more evidence, Shafer's conclusory contention is insufficient to support a finding of deliberate indifference. *See Amos v. Cain*, No. 4:20-CV-7-DMB-JMV, 2021 WL 1080518, at *13 (N.D. Miss. Mar. 19, 2021) ("Given the lack of any evidence that the pest control service is futile, these services defeat a claim of deliberate indifference."). Shafer's fifth objection is therefore **OVERRULED**.

Sixth, Shafer reiterates the facts before the Magistrate Judge and cites the same legal standard as the M&R regarding pest infestation to contend that the Magistrate Judge erred. *See* D.E. 14, p. 3; D.E. 13, p. 5. As the M&R found, these cases do not support Shafer's claim. *See, e.g.*, *Gasca v. Lucio*, No. 1:20-CV-160, 2021 WL 4198405, at *6 (S.D. Tex. May 24, 2021), *report and recommendation adopted*, No. 1:20-CV-160, 2021 WL 4192735 (S.D. Tex. Sept. 15, 2021) (dismissing plaintiff's deliberate indifference claim for

pest infestation because he did not plead facts showing an injury and he did not show that defendants were aware of the conditions and chose to ignore them). Shafer's sixth objection is **OVERRULED**.

### III. Irreparable Injury

#### A. Extreme Temperature

Seventh, Shafer cites Texas weather conditions along with testimony from *Cole* concerning a different TDCJ facility and the effects of climate change to contest the M&R's finding that he did not allege irreparable injury in regard to the excessive heat claim. D.E. 14, pp. 4-6. None of this evidence disputes the M&R's finding that the temperature conditions at his particular unit do not provide a current threat to his health. *See* D.E. 13, p. 8. Shafer's seventh objection is **OVERRULED.**

Eighth, to support his contention regarding irreparable harm, Shafer states the proposition, "When an alleged deprivation of a constitutional right is involved, . . . most courts hold that no further showing of irreparable injury is necessary." D.E. 14, p. 5 (citing *ODonnell v. Harris Cnty., Tex.*, 251 F. Supp. 3d 1052, 1157 (S.D. Tex. 2017), *aff'd as modified*, 882 F.3d 528 (5th Cir. 2018) *and aff'd as modified sub nom. ODonnell v. Harris Cnty.,* 892 F.3d 147 (5th Cir. 2018)). In *ODonnell*, the plaintiffs demonstrated a "clear likelihood of success on the merits" for their constitutional claims, whereas Shafer has made no such showing. *See* 251 F. Supp. 3d at 1157. Therefore, he is not entitled to any presumption of injury. Shafer's eighth objection is therefore **OVERRULED**.

### B. Pest Infestation

With regard to the pest infestation claim, Shafer does not object to the M&R's finding that he did not establish an irreparable injury. *See* D.E. 14. After reviewing the M&R for clearly erroneous factual findings and conclusions of law, the Court adopts the findings of the M&R that Shafer's allegations of irreparable harm regarding the pest infestation are speculative at this time. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam); D.E. 13, p. 8.

### IV. Remaining Injunction Requirements

Ninth, Shafer selects quotes from the M&R that do not properly dispute the M&R's analysis that he failed to satisfy the remaining elements for a preliminary injunction. *See* D.E. 14, p. 5. For example, Shafer states that if the TDCJ argues that the relief requested would be "fiscally catastrophic," then *Udey v. Kastner*, 805 F.2d 1218, 1220 (5th Cir. 1986), supports that inadequate resources can never be an adequate justification for depriving any person of his constitutional rights. *Id*. But Defendants have not argued this, and this did not factor into the M&R's analysis, which reasoned that because Shafer's allegations do not amount to a constitutional violation at this stage, the Court should not interfere at this time. *See* D.E. 13, p. 9. Shafer's final objection is therefore **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Shafer's objections, and all other relevant documents in the record, and having made a de novo

disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **SUSTAINS** Shafer's third objection and **OVERRULES** his remaining objections. The Court otherwise **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Shafer's motion for preliminary and permanent injunctions is **DENIED**.

ORDERED on January 17, 2023.

*[signature]*
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE