United States District Court
Southern District of Texas
**ENTERED**
July 13, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICHARD SCOTT SHAFER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00049 |
| | § | |
| JERRY SANCHEZ, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING MEMORANDUM AND RECOMMENDATION
AS SUPPLEMENTED ON PENDING MOTIONS TO DISMISS**

Pending before the Court are Defendants' motions to dismiss Plaintiff's claims in whole or in part. D.E. 62, 63, 64, 65. On May 5, 2023, United States Magistrate Judge Julie K. Hampton issued a Memorandum and Recommendation on Pending Motions to Dismiss (M&R, D.E. 97), recommending dismissal of some, but not all, claims. Plaintiff Shafer timely filed his objections (D.E. 100) on May 17, 2023. Defendant Sanchez filed his objections (D.E. 103) on May 19, 2023. Plaintiff then responded to Defendant Sanchez's objections. D.E. 104. The Court addresses each motion and its respective objection(s) in turn.

**A. Defendants Sanchez and Johnson's Motion to Dismiss Pursuant
to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1]** D.E. 62.

**Damages**. There were no objections to the dismissal without prejudice of the claims for monetary damages against these Defendants in their official capacities pursuant to the

---

[1] Plaintiff objects to a clerical error in the recitation of the facts related to Defendant Sanchez. D.E. 100, p. 3. In particular, the M&R recites that "Warden Sanchez did not receive a response to this letter, and no corrective action

Eleventh Amendment.  However, both Plaintiff and Defendant Sanchez objected to the recommended disposition of the remaining claims addressed in this motion.

**Defendant Sanchez in his Official Capacity**.  The M&R recommends denial of the motion in part and retention of the official capacity claims against Defendant Sanchez. Defendant Sanchez objects, arguing that the Magistrate Judge applied the wrong standard and that the allegations do not support the findings necessary under the correct standard. D.E. 103, p. 4 (citing *Valentine v. Collier*, 993 F.3d 270, 281 (5th Cir. 2021)).  The M&R correctly recites the *Valentine* standard for the official capacity claims as addressing whether Defendant Sanchez (1) had knowledge of the complaint and (2) recklessly failed to respond.  D.E. 97, pp. 23-24.  The M&R then states that Shafer's allegations regarding his informal letters to Defendant Sanchez were sufficient to put him on notice of the claims of excessive heat and pest infestations, to which Defendant Sanchez offered no response.

First, Defendant Sanchez argues that the *Valentine* test does not ask whether he was aware of the heat and pest conditions, but whether he was aware of the ***unconstitutional acts of his staff*** in that regard.  D.E. 103, pp. 3-4.  But Defendant Sanchez's own objections recite that Plaintiff's letters described the failure of the staff to provide relief from the heat and pests:

> Here, Shafer alleges he, "wrote the [u]nit [w]arden about the issue with officers not following the rules set out in AD-10.64, which are the [h]eat-mitigation measures," and, "filed a complaint, by [i]nmate [r]equest form, advising Warden Sanchez of the terrible infestations of rats, cockroaches and

---

was taken . . . ."  D.E. 97, p. 22.  The Court notes that it was Plaintiff, not Warden Sanchez, who did not receive a response.  The correction of this clerical error does not affect the analysis.

> poisnoiur [sic] aracnids [sic] in the Plaintiff's cell," which
> were, "never responded to and no corrective action was taken."

D.E. 103, p. 4.  This adequately alleges that Plaintiff complained of the unconstitutional

failure to act of prison staff members in response to unsafe conditions.

Second, Defendant Sanchez complains that it is not the content of the letters, but the

fact that the notice was allegedly provided only by informal letters and request forms,

which are insufficient.  D.E. 103, p. 4 (citing *Johnson v. Johnson*, 385 F.3d 503, 526 (5th

Cir. 2004)).  But that is not exactly what the *Johnson* opinion stated.  In full context, the

court wrote:

> Like all prison officials, these supervisory defendants have a
> duty to take reasonable measures to protect inmates. Yet given
> the size of the operation that they oversee, they cannot be
> expected to intervene ***personally*** in response to every inmate
> letter they receive. The record in this case shows that they
> responded to Johnson's complaints by ***referring the matter for
> further investigation or taking similar administrative steps***.
> This was a reasonable discharge of their duty to protect the
> inmates in their care.

*Id*. (citation omitted; emphasis added).  According to Plaintiff's allegations, Defendant

Sanchez did nothing in response to the notice he was given.  While Sanchez was not

required to personally intervene, he was required to do something to either determine that

no constitutional violation was occurring or take reasonable steps, through delegation or

otherwise, to address it.  *Johnson* does not stand for the proposition that wardens can

lawfully ignore letters and requests.

The allegations are therefore adequate to state a claim under the *Valentine* test for

Warden Sanchez's deliberate indifference in his official capacity.  For that reason, his

objections are **OVERRULED**.  The Court supplements the M&R's analysis, above, to more completely address the *Valentine* test under the facts alleged here.

**Defendants Sanchez and Johnson in their Individual Capacities**.  Plaintiff states a number of objections to the recommended dismissal of these claims.

First, Plaintiff asserts that both Defendants were personally involved in unconstitutional conduct.  D.E. 100, pp. 2, 3-4.  In this regard, he does not claim that they personally denied him respite care from the heat or that they personally created the pest infestation or personally breached a duty to mitigate it.  Rather, he complains of Defendant Sanchez's failure to intervene after others violated his constitutional rights and Defendant Johnson's failure to escalate his grievances.  Because, as the M&R sets out, individual liability must be based on personal actions that violate the constitution and because Plaintiff's constitutional complaints address the heat respite and pest issues, his personal involvement allegations are not consistent with his legal theory.  The objection is **OVERRULED**.

Second, Plaintiff objects because Defendant Sanchez was notified of his complaints.  D.E. 100, p. 2.  While notification may trigger a duty to act in an official capacity (as addressed above), the law is clear that individual capacity claims cannot be based on vicarious liability or respondeat superior.  *See* M&R, D.E. 97, p. 19 (citing cases).  Thus, notice of another party's constitutional violation does not support an individual capacity claim against another.  The objection is **OVERRULED**.

Third, Plaintiff objects, claiming that Defendant Sanchez failed to train or supervise the officers who denied him respite care after he was notified of the problem.  D.E. 100, p.

2.  This argument fails to address deliberate indifference in an individual capacity and the Court is not dismissing the claim against Defendant Sanchez in his official capacity. Regardless,

> "for a supervisor to be liable for failure to train, the focus must be on the adequacy of the training program in relation to the tasks the particular officers must perform." *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir.2005) (quotations and citation omitted). Moreover, "for liability to attach based on an 'inadequate training' claim, a plaintiff must allege with specificity how a particular training program is defective." *Id.*

*Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009).

Plaintiff has not included any legal or factual allegations in his amended complaint that are necessary for a claim for failure to train or supervise.  D.E. 56.  To the extent that the objection is directed against Defendant Sanchez in his individual capacity, it fails to properly allege actionable deliberate indifference.  Moreover, the allegations are factually insufficient regarding any defect in the training program.  The objection is **OVERRULED**.

Fourth, Plaintiff argues that the Magistrate Judge erred in stating that Plaintiff has no liberty interest in the grievance process to support a constitutional claim.  D.E. 100, p. 3.  He claims that the Prison Litigation Reform Act changed the law in this regard by imposing a requirement to exhaust administrative remedies before filing suit.  This objection fails to address the multiple cases cited by the Magistrate Judge in her analysis. It is further contrary to the law.

"While exhaustion of the grievance process is a necessary prerequisite to raising a claim in federal court, [the inmate] has no protected liberty interest in the grievance process itself."  *Bell v. Avila*, No. 4:11-CV-4238, 2013 WL 11730661, at *3 (S.D. Tex. June 25,

2013).  And the objection is conclusory, which is not permitted.  Fed. R. Civ. P. 72(b)(2); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).  The objection is **OVERRULED**.

Fifth, Plaintiff appears to argue that qualified immunity does not apply because the duty to provide respite care from the heat is "clearly established."  D.E. 100, p. 4.  While he states this proposition with respect to all of the Defendants, the only ones to whom the Magistrate Judge applied qualified immunity were Defendants Sanchez and Johnson.  *See* D.E. 97, pp. 25-27.   The basis for granting the defense was that Plaintiff had failed to establish that these Defendants had violated his constitutional rights.  Plaintiff's conclusory assertion that he had a right to respite care does not address his failure to show that these Defendants violated that right.  Consequently, the objection is inadequate to address the liability theories in the case.  It is **OVERRULED**.

### B.  Defendants Montoya and Garner's Partial Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1).[2]  D.E. 63

There are no objections to the M&R's recommendation to grant this motion and dismiss without prejudice Plaintiff's requests for monetary damages against Defendants Montoya and Garner in their official capacities pursuant to the jurisdictional limits imposed on federal courts by the Eleventh Amendment to the United States Constitution.   The recommended disposition will be adopted.

---

[2]  Plaintiff Shafer contends that Defendants Montoya and Nino engaged in criminal conduct unrelated to the allegations in this case. D.E. 100, p. 5.  His character complaints are not relevant to the M&R's analysis and are disregarded.

**C. Defendant Lumpkin's Motion to Dismiss**
   **Pursuant to Federal Rule of Civil Procedure 12(b)(6).**  D.E. 64.

Plaintiff's objections include a reference to Lumpkin's personal involvement in the facts that provide the basis for the claims against him.  D.E. 100, p. 1.  However, the Court does not construe this reference as an objection because the issue is moot.  The M&R recommends that the Court deny this motion, preserving the claims for declaratory and injunctive relief based on Defendant Lumpkin's alleged deliberate indifference and personal involvement.

To the extent that the M&R recommends that the Court sua sponte dismiss any claims against Defendant Lumpkin in his official capacity pursuant to the Eleventh Amendment limitation on the Court's jurisdiction, no objections were filed.  Consequently, the Court will adopt these recommended claim dispositions as to Defendant Lumpkin.

**D. Defendants Gamez, Reyes, Nino's Partial Motion to Dismiss**
   **Pursuant to Federal Rule of Civil Procedure 12(b)(1).**  D.E. 65.

Construed liberally, Plaintiff's only objection to the recommended grant of this motion is that Defendants Reyes and Nino had "no authority to deny respite" from the heat.  D.E. 100, p. 4.  In other words, they could be ordered to provide respite.  This appears to controvert the M&R's recommended holding that Plaintiff did not have standing because these Defendants could not provide the relief he requested.  However, Plaintiff's second amended complaint seeks only two types of injunctive relief:  the increase of pest control[3]

---

[3]  While Plaintiff mentions that he believes Defendant Nino had "authority to order an emergency pest [s]praying to the Plaintiff's cell and pipechase," he acknowledges that the only claim he stated against Nino was related to respite from heat.  D.E. 100, p. 4.  *See also*, D.E. 56 (making no reference to Nino knowing about or failing to exercise any authority to address pest infestations).

and the installation of air-conditioning units.  D.E. 56, p. 10.  Therefore, the objection does not address the relief requested in the complaint and is ineffective to demonstrate standing. The objection is **OVERRULED**.  The Court will adopt the recommended disposition of this motion.

### E.  Sua Sponte Dismissal of Unknown Officer

The Magistrate Judge recommends dismissal without prejudice of all claims against the defendant listed as "Unknown McConnell Unit Officer."  There are no objections to this recommendation and it will be adopted.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as the parties' objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** each of the objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge, as supplemented.  Accordingly, the Court:

- **GRANTS IN PART** and **DENIES IN PART** the Motion to Dismiss filed by Warden Sanchez and Johnson (D.E. 62).  This motion is **GRANTED** to the extent that:

    o Plaintiff's deliberate indifference claims against Warden Sanchez in his individual capacity are **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim for relief;

    o Plaintiff's deliberate indifference claims against Johnson in her individual and official capacities are **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim for relief; and

- o Warden Sanchez and Johnson are entitled to qualified immunity with respect to Plaintiff's deliberate indifference claims against them in their individual capacities.

The motion is further **DENIED** insofar as the Court **RETAINS** Plaintiff's deliberate indifference claim against Warden Sanchez in his official capacity for injunctive relief.

- **GRANTS** the Partial Motion to Dismiss filed by Montoya and Garner (D.E. 63) and Plaintiff's claims for money damages against Montoya and Garner in their official capacities are **DISMISSED WITHOUT PREJUDICE** as barred by the Eleventh Amendment.

- **DENIES** Director Lumpkin's Motion to Dismiss (D.E. 64) and **RETAINS** Plaintiff's deliberate indifference claim against Director Lumpkin in his official capacity for injunctive relief.

- Pursuant to § 1915(e)(2)(B), **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims seeking punitive damages against Director Lumpkin in his official capacity as barred by the Eleventh Amendment.

- **GRANTS** the Partial Motion to Dismiss filed by Gamez, Reyes, and Nino (D.E. 65) and

  - o Plaintiff's claims for money damages against Gamez, Reyes, and Nino in their official capacities are **DISMISSED WITHOUT PREJUDICE** as barred by the Eleventh Amendment; and

  - o Plaintiff's claims seeking injunctive relief against Gamez, Reyes, and Nino are **DISMISSED WITHOUT PREJUDICE** for lack of standing.

- **DISMISSES WITHOUT PREJUDICE** the defendant listed as Unknown McConnell Unit Officer.

**ORDERED** on July 13, 2023.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE