Case 2:22-cv-00049 Document 137 Filed on 08/29/23 in TXSD Page 1 of 19

United States District Court
Southern District of Texas
**ENTERED**
August 29, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICHARD SCOTT SHAFER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00049 |
| | § | |
| JERRY SANCHEZ, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING, AS MODIFIED, MEMORANDUM AND RECOMMENDATION

Pending before the Court is Plaintiff's Affidavit (D.E. 106), which is construed as a motion to reconsider the denial of Plaintiff's request for a preliminary injunction. On August 7, 2023, United States Magistrate Judge Julie K. Hampton issued her "Memorandum and Recommendation to Grant Plaintiff's Renewed Motion for Preliminary Injunction" (M&R, D.E. 129), recommending that plaintiff's motion be granted and that Defendants be ordered to house Plaintiff in an air-conditioned cell during the remainder of the South Texas summer heat. Plaintiff timely filed his objections (D.E. 130) on August 16, 2023. After obtaining a brief extension of time, Defendants timely filed their objections (D.E. 134) on August 23, 2023.

### STANDARD OF REVIEW

The district court conducts a de novo review of any part of a magistrate judge's memorandum and recommendation that has been properly objected to. 28 U.S.C.

§ 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (discussing pro se petitioner's objections to M&R), *overruled on other grounds Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996); *see also Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."); *Jones v. Hamidullah*, No. 2:05-2736, 2005 WL 3298966, at *3 (D.S.C. Dec. 5, 2005) (noting a pro se petitioner's M&R objections were "on the whole . . . without merit in that they merely rehash [the] general arguments and do not direct the court's attention to any specific portion of the [M&R]."). The Supreme Court has noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

### RUBRIC FOR PRELIMINARY INJUNCTION

The burden of proof to show entitlement to relief is on Plaintiff, as movant. *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985).

Preliminary injunctive relief is an extraordinary remedy and "is to be treated as the exception rather than the rule." *Id.*, (citing *Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir.1975) (it is an extraordinary and drastic remedy); *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 573, 576 (5th Cir. 1974) (primary justification is to preserve the status quo "to preserve the court's ability to render a meaningful decision after a trial on the merits.")).

A preliminary injunction "should only issue if the movant shows: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest." *La Union Del Pueblo Entero v. FEMA*, 608 F.3d 217, 219 (5th Cir. 2010). The last two factors merge when the government is the opposing party. *Nken v. Holder*, 556 U.S. 418, 435 (2009).

The Prison Litigation Reform Act (PLRA) instructs that "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." 18 U.S.C. § 3626(a)(1)(A). "Mandatory preliminary relief, which goes well beyond simply maintaining the status quo pendente lite, is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party." *Martinez v. Mathews*, 544 F.2d 1233, 1243 (5th Cir. 1976) (citations omitted). And when altering the status quo may prejudice an important public interest, a court "'should pay particular regard for the public consequences in employing the extraordinary remedy of injunction.'" *Salazar v. Buono*,

559 U.S. 700, 714 (2010) (quoting *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982)).

## DEFENDANTS' OBJECTIONS

### A. Substantial Likelihood of Success on the Merits

#### 1. Failure to Exhaust.

Defendants object that Plaintiff cannot show a substantial likelihood of success on the merits because he has failed to exhaust his claims regarding a request for air-conditioning through the TDCJ grievance system. D.E. 134, p. 5. *See Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006). It is undisputed that the TDCJ grievance system involves a two-step process. To exhaust those administrative remedies, the inmate must properly complete both the Step 1 complaint and Step 2 appeal. *See Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

Plaintiff's request for preliminary injunction is based on the denial of excessive heat respite measures in June and July 2023, in violation of the TDCJ Administrative Directive (AD)[1] 10.64 (D.E. 115-1). Defendants complain that none of the grievances on which this request for relief is based were administratively exhausted because Plaintiff only filed Step 1 grievances. He has not filed Step 2 appeals and Defendants still have one of his grievances under review. *See* D.E. 115-4. Moreover, the Court notes that both grievances complain only of the denial of respite measures. Neither of the grievances seek a change

---

[1] The transcript of hearing sometimes inadvertently refers to "AD" as "80".

of housing for Plaintiff to an air-conditioned cell or the installation of air-conditioning for any part of the facility.

Defendants asserted the failure to exhaust at the hearing on the request for preliminary injunction. D.E. 121, p. 123. In their objections, they argue that the claims for prior years (D.E. 1-1), which were fully exhausted, cannot be considered because the Court previously denied injunctive relief on the basis of those claims. D.E. 134, p. 6 (citing D.E. 74). However, that decision was based on a different evidentiary record and was responding to different arguments. As a preliminary order based on a limited record, it has no preclusive effect with respect to the reconsideration of injunctive relief sought here.

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). It is significant that Plaintiff's claims recur, year after year, because of alleged deficiencies in Defendants' response to the risk posed by excessive temperatures.

Plaintiff has, however, failed to demonstrate that he has administratively exhausted any complaint that he is entitled to the remedy of either installation of air-conditioning in the facility or his own assignment to an air-conditioned cell. All of his grievances that are related to heat for past years and for this year—whether or not prosecuted through Step 2—have complained only of Defendants' (a) failure to comply with AD-10.64 and provide respite measures, and (b) failure to discipline officers who fail to comply with the directive. *See* D.E. 1-1, 115-4.

Defendants' objection based on Plaintiff's failure to exhaust is **SUSTAINED** with respect to the recommended injunctive relief of assignment to air-conditioned housing.[2] Because other relief consistent with the Magistrate Judge's findings and Plaintiff's grievances may be warranted, the Court does not treat exhaustion of administrative remedies as dispositive of this case, other claims for relief, or the motion for preliminary injunction.

**2.  Deliberate Indifference Legal Standard**.

Defendants complain that the Magistrate Judge misapplied the *Farmer v. Brennan* standard regarding deliberate indifference in that Plaintiff failed to supply evidence that Defendants both:  (1) subjectively drew an inference of a substantial and unjustifiable risk of harm to Plaintiff, and (2) consciously disregarded that inference.  511 U.S. 825, 844–45 (1994).  Defendants' challenge is misdirected.  It is clear that the Magistrate Judge worked through the proper standard for a finding of deliberate indifference, consistent with the elements Defendants recite.  In fact, each of the elements is exhaustively addressed.  *See* D.E. 129, pp. 9-25.  Defendants' challenge based on the use of an improper legal standard is **OVERRULED**.

---

[2]  Defendants have had abundant opportunities to complain that Plaintiff has failed to exhaust administrative remedies to support all of the claims in his case and have not done so.  *See* D.E. 20, 62-65, 116.  The grievances (D.E. 1-1) filed with Plaintiff's original complaint do include Step 2 appeals.  Therefore, the Court does not address the defense beyond the extent necessary to rule on the current recommendation of the particular preliminary injunctive relief recommended in the M&R.

### 3. Deliberate Indifference Fact Findings.

Each element of deliberate indifference is further supported by a number of fact findings in the M&R. Defendants do not challenge any particular finding of fact as clearly erroneous, as required by the standard of review. Instead, they merely rehash the evidence in the light most favorable to them. This is insufficient, given that the Magistrate Judge made it clear that she found Plaintiff's testimony to be highly credible. D.E. 129, pp. 11, 18.

In that regard, there is evidence that (a) the temperature inside the McConnell Unit at relevant times was excessively high, (b) through their training and AD-10.64, Defendants are aware of the physical danger to inmates caused by excessive heat, (c) pursuant to AD-10.64, any inmate requesting respite is to be granted such relief due to the substantial risks involved, and (d) Defendants ignored Plaintiff's physical symptoms of heat distress and denied Plaintiff relief he requested (time in the air-conditioned respite room and cold showers) on a number of occasions.

Defendants argue that Plaintiff enjoyed some ameliorative measures, such as periodic delivery of cold water and the use of fans in his cell. They contend that this is sufficient to preclude liability because the high standard that must be met for deliberate indifference is defeated if the measures provided to address the risk are simply insufficient. Subjective deliberate indifference "cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson v. Upshur*

*Cnty.*, 245 F.3d 447, 459 (5th Cir. 2001) (citing *Hare v. City of Corinth*, 74 F.3d 633, 645, 649 (5th Cir. 1996) (en banc)).

At the same time, however, Plaintiff "can show deliberate indifference by demonstrating that an official 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Baughman v. Hickman*, 935 F.3d 302, 309 (5th Cir. 2019) (quoting *Perniciaro v. Lea*, 901 F.3d 241, 258 (5th Cir. 2018)). And it can be said that every day poses a new risk. If previous temporary mitigation efforts are not extended to a current risk, then each day's recurrence of risk, arguably, can support a deliberate indifference finding—under the right circumstances. Defendants have not provided any authority to excuse one refusal of necessary care on the basis that care was provided on a prior occasion to address a separate previous risk.

Defendants' refusals to provide Plaintiff with measures that are supposed to be available 24/7 "upon request" by Defendants' own policy constitutes some evidence of refusing to treat him or ignoring him. By crediting Plaintiff's testimony, the Magistrate Judge had sufficient evidence on which to conclude that he had a substantial likelihood of prevailing on his complaint of deliberate indifference on the merits. The Magistrate Judge's conclusion that Plaintiff has met his burden is not clearly erroneous.

"Substantial likelihood" does not require a finding that Plaintiff, more likely than not, will succeed. The Fifth Circuit has written,

> We recognize that finding a "substantial likelihood that movant will ultimately prevail on the merits" does not contemplate a

> finding of fixed quantitative value. Rather, a sliding scale can be employed, balancing the hardships associated with the issuance or denial of a preliminary injunction with the degree of likelihood of success on the merits.

*Fla. Med. Ass'n, Inc. v. U. S. Dep't of Health, Ed. & Welfare*, 601 F.2d 199, 203 n.2 (5th Cir. 1979) (citing *Seatrain*, 518 F.2d at 180 and *Siff v. State Democratic Exec. Comm.*, 500 F.2d 1307 (5th Cir. 1974)). "[O]ne cannot obtain a preliminary injunction if he clearly will not prevail on the merits; however, that he is unable, in an abbreviated proceeding, to prove with certainty eventual success does not foreclose the possibility that temporary restraint may be appropriate." *Seatrain*, 518 F.2d at 180.

For purposes of evaluating a request for a preliminary injunction, the Magistrate Judge's conclusion that Plaintiff demonstrated a substantial likelihood of success on the merits—sufficient to be balanced against the other elements—is not clearly erroneous. Defendants' objection challenging the Magistrate Judge's findings regarding Plaintiff's substantial likelihood of success on the merits is **OVERRULED**.

### B. Substantial Threat of Irreparable Harm

#### 1. Competency of Plaintiff's Evidence.

Defendants object that Plaintiff's evidence of a substantial threat of irreparable harm is limited to his own self-serving testimony, which constitutes "no evidence." D.E. 134, p. 18. In that regard, Defendants rely only on the disparity between (1) Plaintiff's testimony of heat-related loss of consciousness and (2) the number of times he presented to medical with heat-related symptoms, along with (3) the two times he took advantage of access to

air-conditioned respite areas. This complaint that Defendants' evidence was superior does not demonstrate that the Magistrate Judge's findings are clearly erroneous.

"A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). In that regard, the Magistrate Judge's assessment of witness credibility, while not conclusive, is entitled to "great weight." *Id.*

This Court does not undertake to duplicate the Magistrate Judge's role and the standard of review plainly does not entitle this Court to reverse a finding simply because it would have decided the case differently. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573–74 (1985). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.* at 574. This standard applies even when the findings do not rest on credibility determinations, but are based on physical or documentary evidence or inferences from other facts. *Id.*

The Magistrate Judge found Plaintiff credible and his testimony that he suffered heat-related symptoms is some evidence of the threat of irreparable harm, particularly because Plaintiff also testified that his requests for respite measures under AD-10.64 and other assistance went unanswered. Defendants must concede that the excessive South Texas summer heat does pose some threat of irreparable injury in the form of heat stroke and death. And Plaintiff need only show that the threat to him is not speculative—there

must be "something more than the mere possibility that the harm will occur in the future." *United States v. W. T. Grant Co.*, 345 U.S. 629, 633 (1953).

The Magistrate Judge credited Plaintiff's testimony that he had passed out from the heat, he had been diagnosed with heat intolerance (corroborated by his medical records), and his medications made him more susceptible to heat. While Defendants complained that his condition and medications did not qualify him for a heat score under their algorithm, they did not controvert his testimony. And the Court is not convinced that an inmate must appear on the heat restriction list to be at risk from excessive heat at any particular time. Defendants' argument that the heat restriction list relieves individual officers from making inmate assessments is counterproductive in suggesting that an officer may ignore signs of heat distress with impunity if the inmate is not on the heat restriction list. *See* D.E. 134, pp. 12, 17. The finding that Plaintiff was subjected to a threat of actual injury is not clearly erroneous.

The imminent threat of harm is not speculative because Plaintiff testified that Defendants ignored his requests for respite under AD-10.64 on several occasions, did not allow mitigation, and failed to do timely health and safety checks. *E.g.*, D.E. 121, pp. 18, 35, 36, 115. And Defendants allowed that they might have been noncompliant with AD-10.64 or delayed providing mitigation for various reasons, such as understaffing and failure to have sufficient supply for the demand for air-conditioned space and cold showers. *Id.*, pp. 64, 67-68, 99, 113-14. While the analysis of this case may not support injunctive relief in the form of an assignment of Plaintiff to air-conditioned housing, it is sufficient to

support injunctive relief to provide some relief from the real and likely harm posed by excessive heat conditions experienced in the facility.

Defendants' complaint that Plaintiff did not meet his "burden of persuasion" (D.E. 134, pp.18-19) does not meet the standard this Court must apply, which is whether the Magistrate Judge's findings are "clearly erroneous." Defendants' objections that the Magistrate Judge's findings are erroneous with respect to the substantial threat of irreparable injury are **OVERRULED**.

### C. Balance of Equities and the Public Interest

Defendants' objections regarding balancing the equities and considering the public interest focus less on whether relief is warranted than on whether the specific relief that the Magistrate Judge recommended is appropriate. Nothing in Defendants' objections supplies any reason that Plaintiff should have to suffer the extreme heat in the McConnell Unit without access to respite measures. Therefore, properly calibrated relief is supported by Plaintiff's evidence.

Because the Court has already found that installation of air-conditioning and placing Plaintiff in air-conditioned housing were requests that had not been administratively exhausted, the Court will not impose the recommended relief of altering Plaintiff's housing assignment to an air-conditioned cell. Consequently, the Court **OVERRULES AS MOOT** the following objections:

- That mandating placement of Plaintiff in air-conditioned housing exceeds Plaintiff's basis for seeking relief. D.E. 134, p. 19.

- That the injunction does not preserve the status quo, but significantly alters conditions in the prison facility in a manner that improperly invades the State's province to manage the details of its prison system. *Id*.

- That mandating the assignment of Plaintiff to an air-conditioned cell is harmful to other inmates that may have a greater need for such placement. *Id*., p. 21.

- That placing Plaintiff in an air-conditioned cell fails to balance the threatened injury against the harm to Defendants and the public interest. *Id*.

- That the Magistrate Judge improperly assumed that there was air-conditioned housing space available for Plaintiff to occupy. *Id*., p. 23.

- That the Magistrate Judge's choice of relief improperly interfered with the TDCJ heat restriction priority system. *Id*.

Given that the Magistrate Judge has recommended that Plaintiff be granted some preliminary relief in this matter and that this Court has found that the bases for that recommendation are not clearly erroneous, but that the mandating of air-conditioned housing exceeds the type of relief to which Plaintiff is entitled, the Court considers Defendants' objections to the extent that they inform the modification of preliminary injunctive relief.

The Court agrees that the balancing of equities must consider the state's interest in managing its prisons. D.E. 134, p. 20. "Classification of inmates is a matter of prison

administration and management with which federal courts are reluctant to interfere except in extreme circumstances." *Young v. Wainwright*, 449 F.2d 338, 339 (5th Cir. 1971) (per curiam) (citations omitted).[3] And as the Magistrate Judge observed, Plaintiff is only entitled to preliminary injunctive relief under the PLRA that is "narrowly drawn, extend[s] no further than necessary to correct the harm the court finds requires preliminary injunctive relief, and [is] the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Plaintiff's complaint is that Defendants are not complying with their own policy, AD-10.64, and should be ordered to do so. Sufficient evidence supports that complaint on this preliminary record. Defendants cannot complain that enforcement of TDCJ's own policy is contrary to their prerogative to manage their prisons or is excessively intrusive. Neither can they argue that it departs from a maintenance of the status quo. It provides only the amount of relief that is required so that the Court may dispose of the case on its merits after appropriate proceedings.

Consequently, the Court will **MODIFY** the relief and order that Defendants comply with AD-10.64 and that, at minimum, they will provide Plaintiff with at least one cold shower and one trip to the air-conditioned respite area per day, as he may request, in addition to the other respite measures provided in AD-10.64.

---

[3] *See also, Mills v. LeBlanc*, No. CV 21-418, 2021 WL 3572148, at *10 (E.D. La. July 15, 2021), *adopted*, 2021 WL 3566434 (E.D. La. Aug. 11, 2021), *affirmed*, No. 21-30589, 2022 WL 3287961 (5th Cir. Aug. 11, 2022) (per curiam), holding that matters of prison administration are not lightly disturbed by court interference.

**PLAINTIFF'S OBJECTIONS**

First, Plaintiff objects that the M&R does not address his request that the common areas of the McConnell Unit prison be air-conditioned. D.E. 130, pp. 1-2 (Objections 1(a), 2). However, the M&R does recite:

> Plaintiff seeks preliminary injunctive relief in the form of either being transferred to an air-conditioned cell and/or installing air conditioning in every housing area and all common areas. (D.E. 106, p. 3; D.E. 121, p. 32). No evidence was presented at the hearing regarding costs associated with installing air conditioning in the housing and common areas. However, as discussed below, Plaintiff is only entitled to preliminary injunctive [relief] under the PLRA that is "narrowly drawn, extend[s] no further than necessary to correct the harm the court finds requires preliminary injunctive relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

D.E. 129, p. 26. So the request was expressly addressed.

To the extent that Plaintiff complains of the Magistrate Judge's analysis of the issue, his objection is conclusory and does not demonstrate any legal or factual error in denying Plaintiff the relief of mandating the installation of air-conditioning. Unless the objection points out with particularity the error in the Magistrate Judge's analysis, it does not constitute a proper objection and is not be considered. Fed. R. Civ. P. 72(b)(2); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003); *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993) (finding that right to de novo review is not invoked when a petitioner merely reurges arguments contained in the original petition).

Moreover, as set out above, the Court has determined that Plaintiff has not exhausted his administrative remedies with respect to any request that Defendants be mandated to install air-conditioning at the McConnell Unit. The objection is **OVERRULED**.

Second, Plaintiff objects that he wants to remain at the McConnell Unit, but that Defendants intend to transfer him to another facility rather than place him in an existing air-conditioned cell at the McConnell Unit. D.E. 130, p. 2 (Objection 1(b)). This objection does not reference any evidence of record regarding Defendants' intent. Neither is it supported by any reference to a constitutional right that can only be preserved at the McConnell Unit. Plaintiff has not cited any authority for the proposition that his individual housing preference must be honored. Additionally, the Court has determined for other reasons discussed above that it will not issue the recommended housing injunction. The objection is **OVERRULED** as both insufficient and moot. Fed. R. Civ. P. 72(b)(2); *Malacara*, 353 F.3d at 405.

Third, Plaintiff objects that the recommended injunctive relief does not order Defendants to cease retaliation efforts. D.E. 130, p. 2 (Objection 1(c)). Plaintiff does not recite any evidence of retaliation or that such retaliation supports preliminary injunctive relief. Indeed, his live pleading does not assert a claim for retaliation; it only requests that the Court issue an anticipatory injunction in the event that Defendants may retaliate in the future. D.E. 56, p. 10.[4] And his only reference to retaliation in his motion (D.E. 106) is

---

[4] Plaintiff has filed a motion for leave to amend, along with a proposed Third Amended Petition. D.E. 108, 109. The motion remains pending for the Magistrate Judge ruling. While Plaintiff seeks to add a claim under the Americans with Disabilities Act, his allegations with respect to retaliation are no different. *See* D.E. 109, p. 14.

conclusory. The record of proceedings is silent as to any retaliation. As such, it is not a claim that supports injunctive relief on this record. His objection is conclusory and unsupported and is **OVERRULED**. Fed. R. Civ. P. 72(b)(2); *Malacara*, 353 F.3d at 405.

Fourth, Plaintiff objects that the proposed injunction does not include a proviso that he be permitted to eat in the chow hall, rather than in his cell, because his dietary needs will be disregarded otherwise. D.E. 130, p. 2 (Objection 1(d)). Again, this objection fails to demonstrate that there is any evidence that Plaintiff has specific dietary needs entitled to constitutional protection or that they will be disregarded as a result of a change in his housing assignment. And his individual desires are insufficient to require relief. As noted repeatedly above, the housing assignment will not be changed by injunctive relief ordered at this time. The objection is **OVERRULED** as both insufficient and moot. Fed. R. Civ. P. 72(b)(2); *Malacara*, 353 F.3d at 405.

Fifth, Plaintiff objects that the only air-conditioned cells are in 12 building, which is an administrative segregation unit. He does not want to be housed there without guarantees that his other privileges will be honored. D.E. 130, p. 2 (Objection 1(e)). Because the Court has determined that the injunction will not be issued with respect to the change in Plaintiff's housing assignment, the objection is **OVERRULED** as moot.

Sixth, Plaintiff objects that the proposed injunction does not address his complaints regarding pest infestation. D.E. 130, pp. 2-3 (Objections 1(f), 3). He does not recite any evidence offered at the injunction hearing that would support both a finding of unconstitutional conditions and the requirements for issuing a preliminary injunction with

respect to that issue. Consequently, the objection is improperly conclusory and unsupported. Fed. R. Civ. P. 72(b)(2); *Malacara*, 353 F.3d at 405. The preliminary injunction is not intended to dispose of all of the claims in the case. And it is intended only as a temporary, preliminary grant of relief. The objection is **OVERRULED**.

Seventh, Plaintiff anticipates that if this case is not adjudicated before next summer, he intends to renew his request. D.E. 130, p. 3 (Objection 4). This issue pertains only to future developments and is not a proper objection to the M&R at this time. It is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as the parties' objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** the Defendants' objections pertaining to Plaintiff's showing that injunctive relief is appropriate and **SUSTAINS** Defendants' objections to the Magistrate Judge's recommendation to issue that relief in the form of mandating a change in Plaintiff's housing assignment.

The Court **ADOPTS** as its own the findings and conclusions of the Magistrate Judge with respect to Plaintiff having demonstrated that a preliminary injunction should issue. The Court **GRANTS** the construed motion to reconsider the denial of Plaintiff's request for a preliminary injunction in Plaintiff's Affidavit (D.E. 106). The Court **MODIFIES** the recommendation to eliminate the mandate of air-conditioned housing for Plaintiff and

instead **ORDERS** that Defendants comply with AD-10.64 in all respects as to Plaintiff. More specifically, the Court **ORDERS** Defendants to provide Plaintiff with a cold shower and at least one hour of time in respite air-conditioning per day upon request. The Court **ORDERS** that Defendants continue to provide Plaintiff with all other respite measures previously provided and/or set out in AD-10.64.

    **ORDERED** on August 29, 2023.

                                         NELVA GONZALES RAMOS
                                         UNITED STATES DISTRICT JUDGE