Case 2:22-cv-00049   Document 151   Filed on 10/03/23 in TXSD   Page 1 of 15

United States District Court
Southern District of Texas
**ENTERED**
October 03, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICHARD SCOTT SHAFER, | § § § § | |
| Plaintiff, | | |
| VS. | § § § § § § | CIVIL ACTION NO. 2:22-CV-00049 |
| JERRY SANCHEZ, *et al.*, | | |
| Defendants. | | |

**MEMORANDUM AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION REQUESTING CERTIFICATION OF CLASSES**

Plaintiff Richard Scott Shafer, a Texas inmate appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's Motion Requesting Certification of Classes. (D.E. 120). For the following reasons, the undersigned respectfully **RECOMMENDS** that Plaintiff's motion be **DENIED**.

**I.      JURISDICTION**

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

**II.     BACKGROUND**

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently confined at the Stringfellow Unit in

Rosharon, Texas. Plaintiff's claims and allegations in this action arise in connection with his former assignment to the McConnell Unit in Beeville, Texas.

In his Second Amended Complaint, which is currently the operative pleading in this case, Plaintiff sues the following defendants: (1) former McConnell Unit Warden Jerry Sanchez; (2) TDCJ Director Bobby Lumpkin; (3) Captain Andrew Nino; (4) Sergeant Samuel Reyes; (5) Officer Antonio Gamez; (6) Officer Lara; (7) UGI Ashley Johnson; (8) Officer Benjamin Garner; and (9) Officer Jonathan Montoya. (D.E. 56, pp. 1, 4). Plaintiff sues Sanchez and Lumpkin in their official capacities for declaratory and injunctive relief. (*Id.* at 4). Plaintiff sues Nino, Reyes, Gamez, Lara, Johnson, Garner, and Montoya in their individual and official capacities for declaratory, injunctive, and monetary relief. (*Id.*). To date, the parties have been unable to identify Defendant Lara. (*See* D.E. 86).

Plaintiff generally claims that Defendants acted with deliberate indifference to his health in violation of his Eighth Amendment rights by subjecting him to: (1) excessive heat conditions in the summers of 2020 and 2021; and (2) infestations of rodents and cockroaches that carry disease. (*Id.* at 4-9). In addition to monetary and declaratory relief, Plaintiff seeks injunctive relief in the form of compelling Defendants to install air conditioning units in all areas of the McConnell Unit such as inmate housing areas. (Id. at 9-10).

On September 2, 2022, the Court received Plaintiff's first motion requesting class certification. (D.E. 61). Plaintiff states that the class would include "all prisoners, with susceptibility to heat-related illness." (D.E. 61, p. 1). Plaintiff further stated that the class

would be "those who have underlying medical conditions that make them more susceptible to heat and humidity and those who take medications that impeded the body's ability to thermoregulate." (*Id.* at 3). Plaintiff further stated, "even young and healthy inmates can be effected [sic] by the high heat and humidity when conditions persist or a sudden rise in heat occurs. Therefore, all inmates confined at the W.G. McConnell were at high risk to suffer from heat-related illnesses and/or death due to heat stroke." (*Id.*).

The undersigned issued a Memorandum and Recommendation on February 14, 2023 (February 14 M&R), recommending that Plaintiff's motion to certify class be denied. (D.E. 84). The undersigned determined that:

- Plaintiff, as a *pro se* prisoner, failed to demonstrate he would be an adequate class representative under Federal Rule of Civil Procedure 23(a);

- Plaintiff failed to demonstrate under Rule 23(a) that the class of putative plaintiffs is no numerous that a class action would be the only adequate manner to resolve his claims;

- Plaintiff has failed to demonstrate under Rule 23(b)(2) that all members of the purported class were similarly situated such that the requested relief would benefit all equally.

(*Id.* at 3-6).

Plaintiff filed objections to the February 14 M&R. (D.E. 89). On May 11, 2023, District Judge Nelva Gonzales Ramos overruled all of Plaintiff's objections, adopted the February 14, M&R, and denied Plaintiff's motion for class certification. (D.E. 98, pp. 2-5).

### III. DISCUSSION

Plaintiff seeks to certify "class members and sub-class members in this suit." (D.E. 120, p. 1). Plaintiff asserts that the "main" class would include inmates who "do not take medications that interfere with the body's ability to cool through perspiration and casodilation [sic]," who do not "have medical conditions that interfere with their major life functions to access areas with air-conditioning[,]" and who are under the age of 50. (*Id.* at 1-2). Plaintiff further asserts that the "sub-classes" would be (1) inmates "who are susceptible to the heat because of underlying medical conditions"; (2) "inmates that take certain medications that inhibit" the body's ability to thermoregulate; and (3) inmates who "take medications that affect the body's ability to cool and have underlying conditions that also affect the body's ability to cool itself." (*Id.* at 3-6). Plaintiff s states that he falls in the sub-class of inmates who take medications and has medical conditions affecting the body's ability to cool itself. (*Id.* at 5). While not making a specific request, the undersigned construes Plaintiff's motion as asking the Court to appoint him as a class representative.[1]

Once a plaintiff has moved for class certification, the court "must conduct a rigorous analysis of the Rule 23 prerequisites before certifying a class." *M.D. ex rel. Stukenberg v. Perry*, 675 F.3d 832, 837 (5th Cir. 2012) (alteration omitted) (quoting *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 740 (5th Cir. 1996)). Courts, therefore, should "'look beyond the pleadings to understand the claims, defenses, relevant facts, and applicable substantive

---

[1] In another recently-filed prisoner civil rights action, offender Michael Crowley raised claims regarding the excessive heat conditions at the McConnell Unit. (*Crowley v. Collier, et al.*, 2:23-CV-201 (S.D. Tex. filed on August 3, 2023) (*Crowley v. Collier, et al.*). Crowley has filed a similar motion to certify in which he states that he is not a "viable choice to represent the classes … but that Plaintiff would be "better … able to represent the classes, because he has similarly-situated conditions, medication[s], and other factors[.]" (*Id.*, D.E. 8, p. 2).

law in order to make a meaningful determination of the certification issues.'" *Id.* (quoting *McManus v. Fleetwood Enters., Inc.*, 320 F.3d 545, 548 (5th Cir. 2003)); *see also Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011) (same). Courts have wide discretion in deciding whether to certify a proposed class. *McGrew v. Tex. Bd. Of Pardons and Paroles*, 47 F.3d 158, 161 (5th Cir. 1995).

To certify a lawsuit as a class action under Federal Rule of Civil Procedure 23, the movant must prove that the four prerequisites found in Rule 23(a) and the additional requirements in Rule 23(b) are met. *Mullen v. Treasure Chest Casino*, LLC, 186 F.3d 620, 623 (5th Cir. 1999); *McLaughlin v. Lee*, No. 18-0704, 2018 WL 4926341 (W.D. La. September 17, 2018), *recommendation adopted*, 2018 WL 4924030 (W.D. Tex. Oct. 9, 2018). Under Federal Rule of Civil Procedure 23(a), an action may be maintained as a class action if it meets the criteria of numerosity, commonality, typicality, and adequacy of representation. *McGrew,* 47 F.3d at 161. "[T]he proposed class must [also] satisfy at least one of the three requirements listed in Rule 23(b)." *Wal–Mart Stores, Inc.,* 564 U.S. at 345; *see also* Fed. R. Civ. P. 23(b).

### A. Rule 23(a) Criteria.

Rule 23(a) provides that:

One or more members of a class may sue or be sued as representative parties on behalf of all members only if:

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the

interests of the class.

Fed. R. Civ. P. 23(a).

### 1. *Numerosity*

Plaintiff states that "the named classes exceed 3,000 inmates." (D.E. 120, p. 11). Plaintiff's motion may fairly be read to claim that every inmate at the McConnell Unit is a potential class member.[2] Plaintiff alleges that "correctional officers are being instructed to use acts of retaliation, lie to inmates about respite being full, and other tactics to coerce inmates to not want to utilize respite areas." (D.E. 120, p. 9).

The numerosity requirement of Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." The Fifth Circuit has held that a class of "between 100 to 150 members" would satisfy the requirement. *Mullen*, 186 F.3d at 624. However, "the number of members in a proposed class is not determinative of whether joinder is impracticable." *Id*. "[A]ssessing numerosity also entails consideration of "the geographical dispersion of the class, the ease with which class members may be identified, the nature of the action, and the size of each plaintiff's claim." *In re TWL Corp.*, 712 F.3d 886, 894 (5th Cir. 2013) (citations omitted). Other factors include whether individuals are likely to pursue their individual claims, fear of retaliation that could discourage individual claims, and potentially small recoveries. *See Martinez v. Anderson Cnty.*, No. 6:22-CV-171-JCB-KNM, 2023 WL 2672837, at *3 (E.D. Tex. Mar. 1, 2023), *recommendation adopted*, 2023 WL 2668979 (E.D. Tex. Mar. 28, 2023).

---

[2] Offender Crowley specifically indicated in his class certification motion that there are at least 2,980 inmates currently confined at the McConnell Unit. (*Crowley v. Collier, et al.*, D.E. 8, p. 3).

Plaintiff's motion names approximately 3,000 potential class members, consisting of the total number of current inmates at the McConnell Unit. (D.E. 120. P. 11). These class members are all located in one place, the McConnell Unit. Furthermore, Plaintiff expresses a fear of retaliation, which may prevent other inmates at the McConnell Unit from pursuing their claims absent class certification. Accordingly, the undersigned finds that Plaintiff meets the threshold requirement of numerosity.

### 2. *Commonality*

Plaintiff asserts there are questions of law and facts common to the proposed classes. (D.E. 120, p. 12). According to Plaintiff, respite areas are not being fully utilized, there is limited access to cold showers, and there is one building with air-conditioning that is not being properly utilized for inmates susceptible to excessive heat. (D.E. 120, pp. 3). Plaintiff further states that sub-classes, like the ones he has identified, are "affected everywhere in Texas prisons" and that the location of the McConnell Unit means that it will experience even greater heat than other Texas prisons. (*Id.* at 6).

"[A] plaintiff 'must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* ... common questions of law or fact[.]'" *Yates v. Collier*, 868 F.3d 354, 362 (5th Cir. 2017) (citing *Wal–Mart Stores, Inc.*, 564 U.S. at 350). Plaintiffs must show more than that they all suffered from the violation of the same law, "because laws can be violated in different ways," which, by itself, does not show that the claims may be litigated all at once. *Id.* (citing *Wal–Mart Stores, Inc.*, 564 U.S. at 350) (additional citation omitted). Although "commonality does not require a

complete absence of individual issues . . . it requires that Plaintiffs' claims must depend upon a 'common contention ... of such a nature that it is capable of classwide resolution' . . . ." *Verde Mins., LLC v. Koerner*, No. 2:16-CV-199, 2020 WL 3546244, at *3 (S.D. Tex. Apr. 1, 2020) (Ramos, J.) (citing *Wal-Mart Stores, Inc.*, 564 U.S. at 350). Class-wide resolution "'means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Id.* One common question is enough to satisfy the commonality requirement. *Id.*

Liberally construed, Plaintiff's statements indicate that the potential class members at the McConnell Unit are all suffering from the same alleged extreme heat conditions and that these individuals may be suffering from Eighth Amendment violations. However, if the merits of each class member's claims depend on an individualized inquiry regarding the harm or risk of harm experienced by each class member from the unit's practices, then "dissimilarities within the proposed class" would appear to prevent the class claims from asserting a common question of law that "will resolve an issue that is central to the validity of each one of the claims in one stroke." *See Perry*, 675 F.3d at 843 (citing *Wal–Mart Stores, Inc.,* 564 U.S. at 350).

Here, an individualized inquiry would be necessary with respect to each of the purported class members relating to the actual harm that they have suffered from the alleged extreme heat and the risk of harm to each class member based on their individual health statuses, as well as their individual access to and use of respite. These individual inquiries, therefore, prevent Plaintiff from demonstrating adequate commonality among

the potential class members. Accordingly, Plaintiff has not satisfied his threshold requirement for commonality.

### 3. *Typicality*

Plaintiff asserts that "the claims or defenses of the representative parties are typical of the claims or defenses of the classes." (D.E. 120, p. 12). Liberally construed, Plaintiff's statements in his motion reflect that he is not the only inmate suffering as a result of Defendants' actions taken in response to the excessive heat conditions. (D.E. 120, pp. 1-6). His statements further suggest that Defendants are aware and have been aware of the serious risks to inmate health and safety, and of the consequences of refusing respite, cold showers, cold water, and medical care. (*Id*. at 1-6, 10-12).

The typicality requirement of Federal Rule of Civil Procedure 23(a)(3) requires that "[t]he claims or defenses of the representative parties [to be] typical of the claims or defenses of the class." Whether individual issues, such as defenses to individual class members, predominate is a separate issue. *See Verde Mins., LLC*, 2020 WL 3546244, at *3.

Many issues relating to the heat in the McConnell Unit and the defenses to the conditions of the McConnell Unit on a class-wide basis are the same with respect to representative parties and putative class members. Accordingly, the undersigned finds that the nature of this case supports the threshold requirement of typicality.

### *4. Adequacy of representation.*

As stated above, the undersigned construes Plaintiff's motion as asking the Court to appoint him as a class representative. Plaintiff asserts that "the representative parties will fairly and adequately protect the interests of the classes." (D.E. 120, p. 12).

The Fifth Circuit has recognized that "[t]he adequacy requirement mandates an inquiry into [1] the zeal and competence of the representative's counsel and ... [2] the willingness and ability of the representative to take an active role in and control the litigation and to protect the interests of absentees[.]" *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (5th Cir. 2001). Further, "it must appear that the representative will vigorously prosecute the interests of the class through qualified counsel." *Id*. at 482-83. The class representative must possess a sufficient level of knowledge and understanding to be capable of "controlling" or "prosecuting" the litigation. *Id*. (citation omitted).

Courts have consistently recognized that a *pro se* prisoner is not adequate to represent the interests of his fellow inmates in a class action. *See Caputo v. Fauver*, 800 F. Supp. 168, 169-170 (D.N.J. 1992) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *Ethnic Awareness Org. v. Gagnon*, 568 F. Supp. 1186, 1187 (E.D. Wis. 1983) (additional citations omitted)); *see also McGrew*, 47 F.3d at 162. As one judge observed:

> Because a lay person ordinarily does not possess the legal training and expertise necessary to protect the interests of a proposed class, courts usually will not certify a class represented by a *pro se* litigant. Ability to protect the interests of the class depends in part on the quality of counsel, and the competence of a layman representing himself is generally too limited to allow him to risk the rights of others.

*James v. Corr. Corp. of Am.*, 2011 WL 6965799, n.1 (W.D. La. Dec. 7, 2011), *recommendation adopted*, 2012 WL 45410 (W.D. La. Jan. 9, 2012) (citations omitted) ("Ability to protect the interests of the class depends in part on the quality of counsel, and the competence of a layman representing himself is generally too limited to allow him to risk the rights of others.").

No evidence has been presented to show that Plaintiff would be an adequate representative. First and most importantly, he is a *pro se* litigant. Further, although he is appropriately pursuing his own claims in federal court, there is no indication that this means he would be a zealous, competent, and willing representative of any or all of the purported classes. Accordingly, the undersigned finds that Plaintiff does not meet his burden of demonstrating adequacy of representation.

### B. Rule 23(b)

Because Plaintiff does not satisfy all of Rule 23(a)'s prerequisites, analysis under Rule 23(b) is unnecessary. Nevertheless, the undersigned further concludes that Plaintiff has not satisfied the requirements set forth in Rule 23(b).

#### 1. Rule 23(b)(1).

"[A] court may certify a class under (b)(1)(A) if the court finds that separate lawsuits could create inconsistent results that would establish incompatible standards of conduct for the party opposing the class." *Casa Orlando Apartments, Ltd. v. Fed. Nat. Mortg. Ass'n*, 624 F.3d 185, 197 (5th Cir. 2010). Further, "[a]s the Supreme Court has advised, Rule 23(b)(1)(A) encompasses cases in which the defendant is obliged by law to treat members

of the class alike." *Id*. Alternatively, a plaintiff may satisfy class certification under Rule 23(b)(1)(B), if the plaintiff demonstrates that prosecuting separate actions would create a risk of "adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests."

Plaintiff has not sought certification of the class pursuant to Rule 23(b)(1). Accordingly, the undersigned finds that Plaintiff has not met his burden of demonstrating any risk of the above-listed concerns warranting class certification.

### 2. *Rule 23(b)(2)*.

Rule 23(b)(2) mandates that "(1) the class members must have been harmed in essentially the same way . . . [and] (2) the injunctive relief sought must be specific." *Perry*, 675 F.3d at 845 (internal citations and quotation marks omitted). As the Supreme Court described, "Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class." *Wal-Mart Stores, Inc.*, 564 U.S. at 360 (emphasis in original) (internal quotation marks and citations omitted). Further, "[i]t does not authorize class certification when each individual class member would be entitled to a different injunction or declaratory judgment against the defendant. *Id.* Similarly, it does not authorize class certification when each class member would be entitled to an individualized award of monetary damages." *Id*.

Here, Plaintiff seeks declaratory, injunctive, and monetary relief in his Second Amended Complaint, which, without evidence to the contrary, is requested to be tailored to his individual damages. (*See* D.E. 56, p. 10). Rule 23(b)(2), however, does not authorize a combination of individualized and class-wide relief. *Wal-Mart Stores, Inc.*, 564 U.S. at 356. Even if Plaintiff solely requested class-wide relief, Plaintiff has not demonstrated that all members of the proposed classes are similarly situated such that the requested relief would benefit each of the members equally. *See e.g., Perry*, 675 F.3d at 844 (prospective class deficient for attempting to aggregate a plethora of discrete claims challenging varying aspects of foster care system into one "super-claim"). Accordingly, Plaintiff has not met his burden under Rule 23(b)(2) for class-action certification.

### 3. Rule 23(b)(3).

To gain class certification under Rule 23(b)(3), the requirements are predominance and superiority: "[c]ommon questions must 'predominate over any questions affecting only individual members'"; and [] "class resolution must be 'superior to other available methods for the fair and efficient adjudication of the controversy.'" *Cruson v. Jackson Nat'l Life Ins. Co.*, 954 F.3d 240, 252 (5th Cir. 2020) (citing *Anchem Products v. Windsor*, 521 U.S. 591 (1997)). "The predominance inquiry is 'more demanding than the commonality requirement of Rule 23(a)' and requires courts 'to consider how a trial on the merits would be conducted if a class were certified.'" *Maldonado v. Ochsner Clinic Found.*, 493 F.3d 521, 525 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. AT&T Corp.*, 339 F.3d 294, 301-02 (5th Cir. 2003)).

Plaintiff has not sought certification of the class pursuant to Rule 23(b)(3). Furthermore, as discussed in the commonality analysis, a trial on the merits would involve individualized scrutiny of the medical conditions of each plaintiff, their individual access to medical care, their individual access to respite, and their individual use of such respite. Accordingly, the undersigned finds that Plaintiff has not met his burden under Rule 23(b)(3) in demonstrating the requisite predominance or superiority of common questions affecting the proposed classes under Rule 23(b)(3).

## IV. RECOMMENDATION

For the foregoing reasons, Plaintiff fails to carry his burden required to obtain class certification as to: (1) all of the prerequisites set forth in Rule 23(a); and (2) any one of the factors under Rule 23(b). Accordingly, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion Requesting Certification of Classes (D.E. 120) be **DENIED**.

Respectfully submitted on October 3, 2023.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).