United States District Court
Southern District of Texas
**ENTERED**
November 27, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICHARD SCOTT SHAFER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00049 |
| | § | |
| JERRY SANCHEZ, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DENY PLAINTIFF'S MOTION FOR REHEARING**

Plaintiff Richard Scott Shafer, a Texas inmate appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's Motion for Rehearing with regard to the Court's ruling on his renewed motion for preliminary injunctive relief. (D.E. 140). For the following reasons, the undersigned **RECOMMENDS** that Plaintiff's Motion for Rehearing (D.E. 140) be **DENIED**.

I.   **BACKGROUND**

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently housed at the Stringfellow Unit in Rosharon, Texas. Plaintiff's allegations in this case arise in connection with his former assignment housing assignment at the McConnell Unit in Beeville, Texas.

In his Second Amended Complaint, which is currently the operative pleading in this case, Plaintiff sues the following defendants: (1) former McConnell Unit Warden Jerry

Sanchez; (2) TDCJ Director Bobby Lumpkin; (3) Captain Andrew Nino; (4) Sergeant Samuel Reyes; (5) Officer Antonio Gamez; (6) Officer Lara; (7) UGI Ashley Johnson; (8) Officer Benjamin Garner; and (9) Officer Jonathan Montoya. (D.E. 56, pp. 1, 4). Plaintiff sues Sanchez and Lumpkin in their official capacities for declaratory and injunctive relief. (*Id.* at 4). Plaintiff sues Nino, Reyes, Gamez, Lara, Johnson, Garner, and Montoya in their individual and official capacities for declaratory, injunctive, and monetary relief. (*Id.*).

Plaintiff generally claims that Defendants acted with deliberate indifference to his health in violation of his Eighth Amendment rights by subjecting him to: (1) excessive heat conditions in the summers of 2020 and 2021; and (2) infestations of rodents and cockroaches that carry disease. (*Id.* at 4-9). In addition to monetary and declaratory relief, Plaintiff seeks injunctive relief in the form of compelling Defendants to install air conditioning units in all areas of the McConnell Unit such as inmate housing areas. (Id. at 9-10).

At the time he filed his original complaint, Plaintiff moved the Court for preliminary and permanent injunctive relief by seeking, among other requests, immediate placement in air-conditioned housing with allowances to conduct his normal routines. (D.E. 2). In a Memorandum and Recommendation issued on April 19, 2022 (April 19, 2022 M&R), the undersigned recommended that Plaintiff's motion be denied, concluding that Plaintiff had failed to satisfy each of the four required elements for preliminary injunctive relief. (D.E. 13, pp. 4-9). District Judge Nelva Gonzales Ramos adopted the April 19, 2022 M&R. (D.E. 74, pp. 2-6).

On June 20, 2023, the Court received Plaintiff's motion to reconsider the denial of his motion for preliminary injunction. (D.E. 106). The undersigned construed Plaintiff's motion as a renewed motion for preliminary injunctive relief based on the heat conditions at the McConnell Unit during the summer of 2023. Plaintiff requested injunctive relief in the form of being placed in an air-conditioned cell at the McConnell Unit while this case remained pending. (*Id.* at 3).

On July 20, 2023, the undersigned conducted an evidentiary hearing on Plaintiff's motion for preliminary injunctive relief. (D.E. 121). At the evidentiary hearing, testimony was presented by: (1) Plaintiff; (2) Dr. Jane Leonardson, a physician employed by the University of Texas Medical Branch (UTMB); (3) TDCJ Regional Director Jerry Sanchez; (4) Dr. Isaac Kwarteng, the medical director at the McConnell Unit; and (5) Elbert Holmes, the former warden of the McConnell Unit. (D.E. 121). The following documentary evidence was presented at the evidentiary hearing: (1) Administrative Directive 10.64 (AD-10.64) (entitled "Excessive and Extreme Temperature Condition in TDCJ") (D.E. 115-1); (2) the Heat Scoring Sheet (D.E. 115-2); (3) Respite Tracking Form (D.E. 115-3); (4) Plaintiff's Step 1 grievances (D.E. 115-4); (5) Plaintiff's List of Medical Conditions (D.E. 115-5); and (6) Plaintiff's Medical Records (115-6).

In a Memorandum and Recommendation issued on August 7, 2023 (August 7, 2023 M&R), the undersigned recommended granting Plaintiff's renewed motion seeking preliminary injunctive relief in the form of ordering Defendants to house Plaintiff in a McConnell Unit air-conditioned cell during the remainder of the South Texas summer heat.

(D.E. 129). Both Plaintiff and Defendants filed timely objections to the August 7 M&R. (D.E. 130, 134). On August 29, 2023, District Judge Nelva Gonzalez Ramos adopted the August 7, 2023 M&R to the extent Plaintiff demonstrated that a preliminary injunction should issue. (D.E. 137, p. 18). The Court modified the August 7, 2023 M&R by eliminating the mandate of air-conditioned housing for Plaintiff and instead ordering that Defendants: (1) comply with AD-10.64 in all respects as to Plaintiff; (2) provide Plaintiff with a cold shower and at least one hour of respite in air-conditioning per day upon request; and (3) continued to provide Plaintiff with all other respite measures previously provided and/or set out in AD-10.64. (*Id.* at 18-19).

## II.     PLAINTIFF'S MOTION

On September 11, the Court received Plaintiff's Motion for Rehearing. (D.E. 140). Plaintiff contends that:

- The Court's August 29 Order mischaracterized AD-10.64 and placed more restrictions on its availability to Plaintiff when it ordered Defendants to provide Plaintiff with a cold shower and at least one hour of respite in air-conditioning per day upon request.

- The McConnell Unit was placed on lockdown, which impacts his ability to access respite and the medical department.

- The Court did not adequately weigh the evidence presented at the evidentiary hearing and was denied the ability to present evidence at the hearing.

- Plaintiff was denied his rights to due process when Defendants failed to provide copies of exhibits submitted at the hearing

- Plaintiff properly exhausted his administrative remedies with regard to his request for air-conditioning.

- Defendants' counsel lied to the Court by representing that copies of the exhibits had been sent to Plaintiff before the hearing.

- For all the reasons set forth above, Plaintiff contends that his due process rights were violated in connection with the evidentiary hearing.

(*Id.* at 1-4). Plaintiff seek a rehearing so that he can present evidence which he was prevented submitting at the evidentiary hearing. *Id.* at 5.

## III.   DISCUSSION

In seeking a rehearing, Plaintiff essentially moves the Court to reconsider its August 29, 2023 Order granting him preliminary injunctive relief. (D.E. 43). Plaintiff's motion is "governed by the flexible standard" set forth in Federal Rule of Civil Procedure 54(b). *Providence Title Co. v. Truly Title, Inc.*, No. 4:21-CV-147-SDJ, 2021 WL 5003273, at *3 (E.D. Tex. Oct. 28, 2021); *see also Dunlap v. Presidential Advisory Comm'n on Election Integrity*, 319 F. Supp. 3d 70, 83-84 (D.D.C. 2018) (analyzing a motion to reconsider a preliminary injunction under Rule 54(b)).

Rule 54(b) provides that interlocutory orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (internal quotations and citation omitted). The approach under Rule 54(b), therefore, "can be more flexible, reflecting the inherent power of the rendering district court to afford such relief from interlocutory judgments as justice

requires." *Id.* at 336-37. While a court has broad discretion to reconsider a previous ruling under Rule 54(b), such reconsideration is an "extraordinary remedy that should be used sparingly." *Morris-Shea Bridge Co., Inc. v. Cajun Indus., LLC*, No. 3:20-cv-00342, 2021 WL 4096555, at *1 (S.D. Tex. May 17, 2021) (citing *In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012)).

Plaintiff requested preliminary injunctive relief in the form of being placed in an air-conditioned cell at the McConnell Unit while this case remained pending. (D.E. 106, p. 3). The undersigned specifically recommended that the Court "grant [Plaintiff] preliminary injunctive relief in the form of immediate transfer to an air-conditioned cell in the McConnell Unit where he will stay until October 30, 2023, which corresponds with the date that the heat mitigation measures under AD-10.64 are implemented at the McConnell Unit." (D.E. 129, p. 30). District Judge Ramos modified the August 7, 2023 M&R only to the extent that the Court eliminated the mandate of air-conditioned housing for Plaintiff and instead ordered Defendants to: (1) comply with AD-10.64 in all respects as to Plaintiff; (2) provide Plaintiff with a cold shower and at least one hour of respite in air-conditioning per day upon request; and (3) continued to provide Plaintiff with all other respite measures previously provided and/or set out in AD-10.64. (D.E. 137, pp. 18-19).

The record reflects that, on September 15, 2023, Plaintiff was transferred to the Stringfellow Unit in Rosharon, Texas. (D.E. 146). This transfer to the Stringfellow Unit has caused his request for preliminary injunctive relief related to the excessive heat conditions present at the McConnell Unit to be rendered moot. *See Nelson v. Paxton*, No.

9:20cv3, 2022 WL 2813742, at *1 (E.D. Tex. June 29, 2022), *recommendation adopted*, 2022 WL 2813723 (E.D. Tex. July 18, 2022) (citing *Cooper v. Sheriff, Lubbock Cnty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991)). *See also Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 1991) (holding that the removal of a prisoner from a prison facility, whether by transfer or relief, generally renders the prisoner's claims for injunctive relief moot for the conditions at that facility). As his request for preliminary injunctive relief is now moot, Plaintiff is not entitled to relief under Rule 54(b) with respect to the Court's August 29, 2023 Order in the form of granting him a rehearing to consider additional evidence.[1]

## IV.   RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that Plaintiff's Rule 54(b) Motion for Rehearing with regard to his motion for preliminary injunctive relief (D.E. 140) be **DENIED**.

Respectfully submitted on November 27, 2023.

                                                     Julie K. Hampton
                                                     United States Magistrate Judge

---

[1] By Order entered on November 14, 2023, the undersigned directed Defendants to brief and file any appropriate motions as to whether Plaintiff has standing to pursue his requests for declaratory and permanent injunctive relief sought in his Amended Complaint. (D.E. 160). The undersigned's recommendations in this Memorandum and Recommendation address only Plaintiff's request for preliminary injunctive relief while this case remains pending and does not resolve Plaintiff's ultimate requests for declaratory and permanent injunctive relief.

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).