United States District Court
Southern District of Texas
**ENTERED**
January 02, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICHARD SCOTT SHAFER, | § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 2:22-CV-00049 |
| JERRY SANCHEZ, *et al.*, | § § | |
| Defendants. | § § | |

### ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion Requesting Certification of Classes (D.E. 120). On October 3, 2023, United States Magistrate Judge Julie K. Hampton issued her "Memorandum and Recommendation to Deny Plaintiff's Motion Requesting Certification of Classes" (M&R, D.E. 151). Plaintiff demonstrated that his notice of the M&R had been delayed and his objections (D.E. 158) are deemed timely filed as of October 25, 2023.

Plaintiff first objects that the M&R's recommendation that he is not an adequate class representative was based on caselaw outside the Fifth Circuit. D.E. 158, pp. 1-2, 4. While this Court is situated under the jurisdiction of the Fifth Circuit and is bound by its precedent, Plaintiff cites no authority for the proposition—and there is no legal requirement—that this Court is prohibited from considering precedent outside of the Fifth Circuit that is not inconsistent with any Fifth Circuit precedent. Plaintiff has not

demonstrated that this Court has failed to give effect to any binding Fifth Circuit caselaw. The objection is **OVERRULED**.

Second, Plaintiff objects that Federal Rule of Civil Procedure 23(a) should not be construed to require a finding that Plaintiff is a perfect class representative; it is sufficient that he has demonstrated that he is the logical and adequate choice. D.E. 158, pp. 2, 4. The M&R details the issues taken into consideration for the recommendation that Plaintiff has not demonstrated that he is a proper class representative. Nothing in that analysis requires "perfection" in a class representative. But the nature of the classes and the issues to be addressed render the Magistrate Judge's recommendation in this regard appropriate.

Moreover, Plaintiff's case is addressing conditions at the McConnell Unit where Plaintiff is no longer housed. This creates serious concerns whether he has standing to seek declaratory and injunctive relief and whether he is an appropriate candidate for class representative. D.E. 146. Plaintiff suggests that any inadequacy in his ability to represent a class will be resolved by the requirement that the Court appoint class counsel. *See also*, D.E. 158, p. 4. However, class representatives and class counsel serve different functions and class counsel are not appointed to act as such until after the Court has determined that the case should proceed as a class action with appropriate class representatives. *See* Fed. R. Civ. P. 23(g). The objection is **OVERRULED**.

Third, Plaintiff objects that there is an internal inconsistency in the M&R's analysis in that it concludes that Plaintiff both has, and has not, demonstrated numerosity. D.E. 158, p. 2 (citing D.E. 151, pp. 3, 7). The first reference at page 3 of the M&R is recounting

the findings regarding Plaintiff's first motion for class certification. The second reference at page 7 discusses the current motion—Plaintiff's second motion for class certification. Because the decisions result from different proceedings, there is no conflict between them. In addition, because the M&R's recommendation is in favor of Plaintiff, in this regard, any objection is moot. The third objection is **OVERRULED**.

Fourth, Plaintiff objects to the M&R's recommendation on commonality because all inmates, and even the staff, are adversely affected by the excessive South Texas heat. D.E. 158, pp. 2-3. His argument is that such excessive heat subjects every person to cruel and unusual punishment—across the board. And it is made without supporting expert evidence. His argument in his objections confirms that inmates are affected differently by the heat:

- "It is true that the classes mentioned in the Plaintiff's Motion are affected in different ways . . . ." D.E. 158, p. 3 (typographical errors corrected).
- "Even younger and healthier inmates are not able to withstand such conditions and it is even worse for those in the other classes." *Id*.
- "Each of [the inmates who have provided affidavits] have differences in the way they cope with the heat . . . ." *Id*.

Given these admissions to the differences experienced by the inmates, Plaintiff has not demonstrated that the M&R's findings are clearly erroneous.

The issue is even more complex when considering the different standards for assessing cruel and unusual punishment applicable to medical decisions, staffing,

disciplinary issues, whether inmates requested and received respite measures, and whether denial of respite can be deemed retaliatory based on the inmate's protected conduct. Plaintiff has not demonstrated that the recommendation is based on clearly erroneous findings. The objection is **OVERRULED**.

Fifth, Plaintiff objects to the M&R's treatment of commonality—the consideration that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." D.E. 158, p. 3 see Fed. R. Civ. P. 23(b)(2). This objection assumes that the only remedy at issue is a requirement that Defendants provide air conditioning throughout the McConnell Unit housing areas.

As this case has already demonstrated, different relief—short of retrofitting the Unit with air conditioning—may apply when respite measures may be adequate. *See* D.E. 137 (Order granting preliminary injunctive relief). Plaintiff has sought (and obtained) individualized relief that may or may not be adequate to redress the claims of the class as a whole. Indeed, Plaintiff seeks monetary damages applicable to his own injuries. Consequently, Plaintiff has not demonstrated that the Magistrate Judge clearly erred and the objection is **OVERRULED**.

Last, Plaintiff objects by invoking the case of *Cole v. Collier*, without a citation. The Court construes this as a reference to *Cole v. Livingston*, No. 4:14-CV-1698, 2016 WL 3258345 (S.D. Tex. June 14, 2016), *aff'd sub nom. Yates v. Collier*, 868 F.3d 354 (5th Cir. 2017) (dism'd as settled). D.E. 158, p. 4. He argues that this case is controlled by *Yates*,

with respect to his requests to act as class representative, to appoint class counsel, and to certify the classes. But there are several differences.

In *Yates*, there were several named plaintiffs who fell into the general class and/or the two sub-classes. Plaintiffs were represented by counsel from the beginning of the case—prior to the application of Rule 23(g). The class certification ordered there was based on an evidentiary hearing involving substantial testimony of several medical experts. And the case was settled while the class certification panel opinion was subject to a motion for en banc review by the Fifth Circuit. *See* "Motion for Approval of Class Action Settlement and Amendment of Class Certification Order," *Cole*, No. 4:14-cv-1698, D.E. 989 (March 6, 2018).

The *Yates* class certification had been affirmed by the Fifth Circuit panel based on the deferential standard of review associated with the trial court's fact findings arising out of what the Fifth Circuit recognized as a voluminous evidentiary record involving expert testimony and atmospheric and medical data. Plaintiff has presented no such evidence. Instead, he makes nothing but conclusory assertions that all the inmates suffer equally from the heat issues addressed by this case, apparently believing that the *Yates* record and findings can be incorporated herein by reference.

Plaintiff's reference to the *Yates* proceeding does not satisfy his burden of proof to show by a preponderance of the evidence, after a rigorous analysis, that class certification is appropriate. *Mary Kay Inc. v. Reibel*, 327 F.R.D. 127, 128–29 (N.D. Tex. 2018) (citing *Alaska Elec. Pension Fund v. Flowserve Corp.*, 572 F.3d 221, 228 (5th Cir. 2009) and *Gen.*

*Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982)).  This Court has no evidence beyond the complaints of Plaintiff and other inmates who signed affidavits, but do not purport to have any expertise to evaluate the medical effects of atmospheric heat.  The objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Plaintiff's motion for class certification is **DENIED**.

**ORDERED** on January 2, 2024.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE