United States District Court
Southern District of Texas
**ENTERED**
February 23, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICHARD SCOTT SHAFER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00049 |
| | § | |
| JERRY SANCHEZ, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
TO GRANT DEFENDANTS' MOTION TO
<u>DISMISS AND TO DISMISS OTHER CLAIMS FOR RELIEF</u>**

Plaintiff Richard Scott Shafer, a Texas inmate appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is a Motion to Dismiss filed by Defendants Jerry Sanchez and Bobby Lumpkin. (D.E. 168). For the following reasons, the undersigned respectfully **RECOMMENDS** that this motion be **GRANTED** in its entirety and that additional claims for relief sought by Plaintiff against various defendants be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.      **BACKGROUND**

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently housed at the Stringfellow Unit in

Rosharon, Texas. Plaintiff's allegations in this case arise in connection with his former assignment housing assignment at the McConnell Unit in Beeville, Texas.

In his Second Amended Complaint, which is currently the operative pleading in this case, Plaintiff sues the following defendants: (1) former McConnell Unit Warden Jerry Sanchez; (2) TDCJ Director Bobby Lumpkin; (3) Captain Andrew Nino; (4) Sergeant Samuel Reyes; (5) Officer Antonio Gamez; (6) Officer Lara; (7) UGI Ashley Johnson; (8) Officer Benjamin Garner; and (9) Officer Jonathan Montoya.  (D.E. 56, pp. 1, 4).  Plaintiff sues: (1) Warden Sanchez in his individual capacity; and (2) Sanchez and Lumpkin in their official capacities for declaratory and injunctive relief as well as punitive damages.  (*Id.* at 4).  Plaintiff sues Nino, Reyes, Gamez, Lara, Johnson, Garner, and Montoya in their individual and official capacities for declaratory, injunctive, and monetary relief.  (*Id.*).

Plaintiff generally claims that Defendants acted with deliberate indifference to his health in violation of his Eighth Amendment rights by subjecting him to: (1) excessive heat conditions in the summers of 2020 and 2021; and (2) infestations of rodents and cockroaches that carry disease.  (*Id.* at 4-9).  In addition to monetary and declaratory relief, Plaintiff seeks injunctive relief in the form of compelling Defendants to: (1) increase measures to eliminate pest infestations in various areas of the McConnell Unit; and (2) install air conditioning units in all areas of the McConnell Unit, including inmate housing areas.  (*Id.* at 9-10).

On July 13, 2023, in adopting a Memorandum and Recommendation issued by the undersigned on May 5, 2023 ("May 5, 2023 M&R") (D.E. 97), District Judge Nelva Gonzales Ramos:

- GRANTED IN PART and DENIED IN PART the Motion to Dismiss filed by Warden Sanchez and Johnson (D.E. 62). The Court GRANTED this motion to the extent that:

  ○ Plaintiff's deliberate indifference claims against Warden Sanchez in his individual capacity were DISMISSED WITH PREJUDICE as frivolous and/or for failure to state a claim for relief;

  ○ Plaintiff's deliberate indifference claims against Johnson in her individual and official capacities were DISMISSED WITH PREJUDICE as frivolous and/or for failure to state a claim for relief; and

  ○ Warden Sanchez and Johnson were entitled to qualified immunity with respect to Plaintiff's deliberate indifference claims against them in their individual capacities.

  The Motion to Dismiss filed by Warden Sanchez and Johnson (D.E. 62) was DENIED insofar as the Court RETAINED Plaintiff's deliberate indifference claim against Warden Sanchez in his official capacity for injunctive relief.

- GRANTED the Partial Motion to Dismiss filed by Montoya and Garner (D.E. 63), and Plaintiff's claims for money damages against Montoya and Garner in their official capacities were DISMISSED WITHOUT PREJUDICE as barred by the Eleventh Amendment.

- DENIED Director Lumpkin's Motion to Dismiss (D.E. 64) and RETAINED Plaintiff's deliberate indifference claim against Director Lumpkin in his official capacity for injunctive relief.

- Pursuant to 28 U.S.C. § 1915(e)(2)(B), DISMISSED WITHOUT PREJUDICE Plaintiff's claims seeking punitive damages against Director Lumpkin in his official capacity as barred by the Eleventh Amendment.

- GRANTED the Partial Motion to Dismiss filed by Gamez, Reyes, and Nino (D.E. 65) and

  ○ Plaintiff's claims for money damages against Gamez, Reyes, and Nino in their official capacities were DISMISSED WITHOUT PREJUDICE as barred by the Eleventh Amendment; and

  ○ Plaintiff's claims seeking injunctive relief against Gamez, Reyes, and Nino were DISMISSED WITHOUT PREJUDICE for lack of standing.

- DISMISSED WITHOUT PREJUDICE the defendant listed as Unknown McConnell Unit Officer.

(D.E. 113).

On June 23, 2023, Plaintiff moved the Court for preliminary injunctive relief in the form of being placed in an air-conditioned cell at the McConnell Unit while this case remained pending.  (D.E. 106, p. 3).  In a Memorandum and Recommendation issued on August 7, 2023 ("August 7,2023 M&R"), the undersigned recommended that the Court "grant [Plaintiff] preliminary injunctive relief in the form of immediate transfer to an air-conditioned cell in the McConnell Unit where he will stay until October 30, 2023, which correspond[ed] with the date that the heat mitigation measures under [Administrative Directive 10.64 ("AD-10.64")] are implemented at the McConnell Unit."  (D.E. 129, p. 30).  The Court modified the August 7, 2023 M&R only to the extent that it eliminated the mandate of air-conditioned housing for Plaintiff and instead ordered Defendants to: (1) comply with AD-10.64 in all respects as to Plaintiff; (2) provide Plaintiff with a cold shower and at least one hour of respite in air-conditioning per day upon request; and (3)

continued to provide Plaintiff with all other respite measures previously provided and/or set out in AD-10.64.  (D.E. 137, pp. 18-19).

The record reflects that, on September 15, 2023, Plaintiff was transferred to the Stringfellow Unit.   (D.E. 146).   On November 27, 2023, the undersigned issued a Memorandum and Recommendation ("November 27, 2023 M&R"), recommending that Plaintiff's motion for rehearing on his motion for preliminary injunctive relief  (D.E. 140) be denied as moot due to his transfer to the Stringfellow Unit.  (D.E. 161).  The November 27, 2023 M&R and Plaintiff's objections thereto (D.E. 166) remain pending before the Court.

On November 14, 2023, the undersigned directed Defendants to file "a brief and any appropriate motion addressing whether Plaintiff has standing to pursue his requests for declaratory and injunctive relief and whether this Court otherwise has subject matter jurisdiction over such claims."  (D.E. 160).  On December 14, 2023, Sanchez and Director Lumpkin (hereinafter "Defendants") filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).  (D.E. 168).  Plaintiff subsequently filed his response to the Rule 12(b)(1) motion.  (D.E. 170).

## II.    LEGAL STANDARDS FOR RULE 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss for "lack of subject matter jurisdiction."  When considering a motion to dismiss under Rule 12(b)(1), a court must "accept the complaint's well-pleaded factual allegations as true."  *Carver v. Atwood*, 18 F.4th 494, 496 (5th Cir. 2021).  "For a 12(b)(1) motion, the

general burden is on the party asserting jurisdiction." *Dickson v. United States*, 11 F.4th 308, 312 (5th Cir. 2021). "A district court may dismiss a case under Rule 12(b)(1) based on '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *In re S. Recycling, L.C.C.*, 982 F.3d 374, 379 (5th Cir. 2020) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).

## III.   DISCUSSION

Defendants contend that Plaintiff's claims seeking declaratory and injunctive relief against them in their official capacities are barred by Eleventh Amendment immunity as they relate solely to past violations rather than ongoing violations of federal law.   (D.E. 168, pp. 4-5).  They further contend that Plaintiff's requests for injunctive relief are moot based on his transfer to the Stringfellow Unit.  (*Id.* at 5-6).

Plaintiff responds that the Court's Order granting him preliminary injunctive relief applies no matter where he is confined in TDCJ.   (D.E. 170, p. 3).   He contends that neither Sanchez nor Director Lumpkin is immune to this action because they were each made aware of the unconstitutional conditions at the McConnell Unit.  (*Id.* at 2).  Plaintiff further contends that these defendants acted in retaliation by causing his transfer to the Stringfellow Unit so that they did not have to comply with the Order granting preliminary injunctive relief.  (*Id.* at 3-4).  Lastly, Plaintiff contends that his request for injunctive relief is not rendered moot because he is now exposed to a greater amount of excessive heat and vermin at the Stringfellow Unit.  (*Id.* at 4).

### A. Mootness

The undersigned will first consider whether Plaintiff's claims seeking injunctive and declaratory relief were rendered moot by his transfer to the Stringfellow Unit. A court lacks subject matter jurisdiction where a case becomes moot. *See Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 78-79 (2013). The mootness doctrine "applies to equitable relief." *Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 345 (5th Cir. 2017). The mootness doctrine is applicable in this case as Plaintiff seeks both declaratory and injunctive relief. *See Kovac v. Wray*, 449 F. Supp. 3d 649, 653 (N.D. Tex. Mar. 27, 2020).

Mootness is a threshold issue that is essential to the constitutional case-or-controversy requirement and therefore to this court's subject-matter jurisdiction. *See Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 424-25 (5th Cir. 2013); *Rocky v. King*, 900 F.2d 864, 866 (5th Cir. 1990). The mootness doctrine "requires that the controversy posed by the plaintiff's complaint be 'live' not only at the time the plaintiff files the complaint but also throughout the litigation process." *Id.* When intervening circumstances "render the court no longer capable of providing meaningful relief to the plaintiff," mootness applies. *Ctr. for Biological Diversity*, 704 F.3d at 425. The Fifth Circuit recognizes that declaratory and injunctive relief is not available to remedy a past harm.

> Requests for injunctive and declaratory relief implicate the intersection of the redressability and injury-in-fact requirements. The redressability requirement limits the relief that a plaintiff may seek to that which is likely to remedy the plaintiff's alleged injuries. Because injunctive and declaratory relief "cannot conceivably remedy any past wrong," plaintiffs seeking injunctive and declaratory relief can satisfy the redressability

> requirement only by demonstrating a continuing injury or threatened future injury. That continuing or threatened future injury, like all injuries supporting Article III standing, must be an injury in fact.

*Stringer v. Whitley*, 942 F.3d 715, 720-21 (5th Cir. 2019) (footnotes omitted). Courts, therefore, lack "constitutional jurisdiction" to resolve an issue where there is no Article III controversy. *See Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999).

It is undisputed that Plaintiff was transferred to the Stringfellow Unit on September 15, 2023. (D.E. 146). Where an inmate challenges conditions of confinement at a particular prison facility, the transfer of the inmate out of that facility generally renders moot any claims for injunctive or declaratory relief moot against defendants at that unit. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (holding that plaintiff's transfer to a different prison facility rendered his claims for declaratory and injunctive relief moot); *Cooper v. Sheriff, Lubbock Cnty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991) (holding that inmate's transfer from county jail to state prison rendered moot his claims for injunctive relief); *Hernandez v. Garrison*, 916 F.2d 291, 293 (5th Cir. 1990)(per curiam) (holding that prisoner's Eighth Amendment claims, including allegations of overcrowding and denial of adequate medical treatment, were moot after he was transferred to another correctional facility and only remedy he sought was a transfer); *Sias v. Jacobs*, No. 6:17cv413, 2017 WL 8229544, at *4 (E.D. Tex. Dec. 11, 2017), *recommendation adopted*, 2018 WL 1335424 (Mar. 14, 2018) (holding that a prisoner's transfer from a prison unit renders moot his claims of deliberate indifference to his health when seeking injunctive relief against the defendants at that unit); *Hinton v. Morris*, No. 4:17CV132-NBB-DAS, 2018 WL 1996472,

at *1 (N.D. Miss. Apr. 27, 2018) (holding that prisoner's claim for declaratory and injunctive relief based on the conditions of confinement becomes moot upon the prisoner's release from custody or transfer from the facility").

In certain circumstances where an inmate is transferred to another prison, an inmate may avoid dismissal on mootness grounds by identifying in his complaint a statewide or prison-system policy that led to the constitutional violations which remain ongoing at the new prison unit.  *See Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002); s*ee also Lehn v. Holmes*, 364 F.3d 862, 871-72 (7th Cir. 2004) (reversing district court's dismissal of inmate's complaint on mootness grounds, concluding that inmate was not seeking injunctive relief for a condition specific to a particular prison, but rather was seeking relief from a condition that stems from a system-wide policy).  Such allegations of a system-wide policy relate to the principle as to whether an alleged constitutional violation is "capable of repetition yet evading review."  *Oliver*, 276 F.3d at 741 (citation omitted).

In his Second Amended Complaint, Plaintiff does not identify a statewide or prison-system policy that led to constitutional violations which remain ongoing at his new prison unit.  Rather, Plaintiff's allegations were limited to incidents occurring at the McConnell Unit and the failure of McConnell Unit prison officials to adhere properly to TDCJ's own policies and regulations, such as AD-10.64, in connection with his excessive heat and infestation claims.  (D.E. 56, pp. 4-9).

Furthermore, a fair reading of Plaintiff's Second Amended Complaint reveals that his requests for injunctive relief are limited to the McConnell Unit.  Indeed, Plaintiff seeks

injunctive relief in the form of compelling the named defendants to: (1) increase measures to eliminate pest infestations in various areas of the McConnell Unit; and (2) install air conditioning units in all areas of the McConnell Unit, including inmate housing areas. (Id. at 9-10).   Therefore, Plaintiff's retained deliberate indifference claims seeking injunctive relief have been rendered moot by his transfer to another facility.  *See Taylor v. Nelson*, No. W-19-CA-467, 2020 WL 7048605, at *3 (W.D. Tex. Dec. 1, 2020) (concluding that, upon her transfer from the TDCJ's Lane Murray Unit to the Hobby Unit, an inmate's claims regarding the confiscation of a hijab were rendered moot as she failed to make any general allegations challenging a TDCJ policy and instead focused her claims against employees of the Lane Murray Unit).

In an attempt to avoid dismissal on mootness grounds, Plaintiff contends that Defendants retaliated against him by causing his transfer to the Stringfellow Unit so they would not have to comply with the Order granting preliminary injunctive relief.  (D.E. 170, pp. 3-4).   At the outset, the undersigned notes that Plaintiff neither has a protected liberty interest in where he is housed nor a constitutional right to be incarcerated at a particular facility or unit.  *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976).   Plaintiff has provided no evidence to support his belief he was transferred to the Stringfellow Unit in a retaliatory manner.  Plaintiff otherwise cites no caselaw to support the proposition that his claims for declaratory and injunctive relief should not be mooted even where he could demonstrate his transfer was effectuated through wrongful or retaliatory tactics.  Indeed, the Supreme Court has explained that

"mootness, however it may have come about, simply deprives us the power to act; there is nothing for us to remedy, even if we were disposed to do so." *Spencer v. Kemna*, 523 U.S. 1, 18 (1998).

Through his transfer to the Stringfellow Unit, Plaintiff is no longer subject to the alleged misconduct alleged in his Second Amended Complaint occurring at the McConnell Unit and allegedly perpetuated by officials at that unit. Plaintiff's claims for declaratory and injunctive relief have been rendered moot by his transfer to the Stringfellow Unit, even if his transfer may have been effectuated through wrongful or retaliatory means. Accordingly, the undersigned recommends that Defendants' Rule 12(b)(1) Motion to Dismiss (D.E. 168) be granted on the issue of mootness and that Plaintiff's claims seeking injunctive relief against them be dismissed without prejudice for lack of subject matter jurisdiction on mootness grounds.[1]

In their Rule 12(b)(1) Motion to Dismiss, Defendants did not expressly seek dismissal of Plaintiff's claims seeking declaratory relief against them in their official capacities on mootness grounds. (D.E. 168, pp. 5-6). In the Court's July 13, 2023 Order, the Court specifically retained Plaintiff's deliberate indifference claims against Sanchez and Director Lumpkin in their official capacities for injunctive relief. (D.E. 113, p. 9). The Court did not make any express ruling with respect to Plaintiff's claims seeking declaratory relief against them. Out of an abundance of caution, the undersigned assumes that Plaintiff's claims for declaratory relief against Sanchez and Director Lumpkin in their

---

[1] *See Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020) (holding that claims dismissed for lack of subject matter jurisdiction are dismissed without prejudice).

official capacities survived the July 13, 2023 Order.  For the reasons set forth above and pursuant to 28 U.S.C. § 1915(e)(2)(B), [2] the undersigned nevertheless finds that Plaintiff's claims seeking declaratory relief against Defendants in their official capacities are subject to dismissal without prejudice as moot.  *See Herman*, 238 F.3d at 665.

### B.  Eleventh Amendment Immunity

The undersigned next considers whether Plaintiff's claims for declaratory and injunctive relief against Defendants in their official capacity alternatively are barred by sovereign immunity.  "The Eleventh Amendment bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity."  *Perez v. Region 20 Educ. Serv. Ctr., 307 F.3d 318, 326 (5th Cir. 2002)*.

A claim against a TDCJ official in his or her official capacity is a claim against TDCJ, and thus a claim against the State of Texas.  *See Mayfield v. Tex. Dep't of Tex. Crim. Just., 529 F.3d 599, 604 (5th Cir. 2008).*  Unless expressly waived, the Eleventh Amendment bars an action in federal court by a citizen of a state against his or her own state.  *See Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989); Martinez v. Tex. Dep't. of Crim. Just., 300 F.3d 567, 575 (2002).*  Texas has not waived its Eleventh Amendment immunity and Congress did not abrogate that immunity when enacting § 1983.  *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015).  The Eleventh

---

[2] Section 1915(e)(2)(B) mandates dismissal "at any time" if the court determines that the action "fails to state a claim upon which relief may be granted[,] is "frivolous or malicious[,]" or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

Amendment also bars a federal action for money damages against state officials in their official capacities when the state itself is the real party in interest. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984); *Oliver*, 276 F.3d at 742 ("[T]he Eleventh Amendment bars recovering § 1983 money damages from TDCJ officers in their official capacity.) (citation omitted).

*Ex parte Young* provides "an equitable exception to Eleventh Amendment sovereign immunity ... [that] allows plaintiff to sue a state official, in his official capacity, in seeking to enjoin enforcement of a state law [or policy] that conflicts with federal law." *Air Evac EMS, Inc. v. Texas, Dep't of Ins., Div. of Workers' Comp.*, 851 F.3d 507, 515 (5th Cir. 2017) (citing *Ex parte Young*, 209 U.S. 123, 155-56, 159-60 (1908)). "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (internal quotations and modifications omitted). Thus, the Eleventh Amendment does not bar suits for injunctive or declaratory relief against state officials acting in violation of federal law if such claims fall within the *Ex parte Young* exception. *Raj v. La. St. Univ.*, 714 F.3d 322, 328 (5th Cir. 2013) (citing *Young*, 209 U.S. at 155-56).

Here, Plaintiff's transfer to the Stringfellow Unit has caused his requests for declaratory and injunctive relief to implicate only past, completed violations that occurred at the McConnell Unit as opposed to ongoing violations of federal law. *See Green v.*

*Mansour*, 474 U.S. 64, 71-73 (1985) (explaining that an injunction is not available when there is no continuing violation of federal law to enjoin, and that declaratory relief likewise is barred under such circumstances where there is "no claimed continuing violation of federal law").  Because any violation of Plaintiff's claimed Eighth Amendment rights arising from being housed at the McConnell Unit are not "ongoing," his requests for injunctive and declaratory relief are barred by sovereign immunity.  Accordingly, the undersigned recommends that Defendants' Rule 12(b)(1) Motion to Dismiss (D.E. 168) be granted on this issue and that Plaintiff's claims seeking injunctive and declaratory relief are subject to dismissal for lack of subject matter jurisdiction as barred by Eleventh Amendment immunity.

### C.  Plaintiff's Claims seeking Monetary Relief against Sanchez in his Official Capacity

In the July 13, 2023 Order, the Court dismissed Plaintiff's claims seeing punitive damages against Director Lumpkin in his official capacity for monetary relief as barred by the Eleventh Amendment.  (D.E. 113, p. 9).  Plaintiff also brought claims seeking punitive damages against Sanchez in his official capacity.  (*See* D.E. 56, p. 4).  For the same reasons set forth in the May 5, 2023 M&R (D.E. 97), as adopted by the Court in its July 13, 2023 Order (D.E. 113), the undersigned recommends that Plaintiff's claims against Sanchez in his official capacity for monetary relief be dismissed without prejudice pursuant to § 1915(e)(2)(B) as barred by the Eleventh Amendment.

**D.  Claims against other Defendants that Survived the July 13, 2023 Order**

In his Second Amended Complaint, Plaintiff sues Nino, Reyes, Gamez, Lara, Johnson, Garner, and Montoya in their individual and official capacities for declaratory, injunctive, and monetary relief.  (D.E. 56, p. 4).  None of these defendants joined in the pending Rule 12(b)(1) Motion to Dismiss.  By way of clarification, the undersigned sets forth as follows the claims against these seven defendants that were dismissed by the Court's July 13, 2023 Order and those claims that remain after that order:

- **Nino –** The Court dismissed without prejudice Plaintiff's claims for monetary and injunctive relief against Nino in his official capacity.  (D.E. 113, p. 9).  Accordingly, Plaintiff's deliberate indifference claims against this defendant in his individual capacity for monetary relief and official capacity for declaratory relief remain.

- **Reyes –** The Court dismissed without prejudice Plaintiff's claims for monetary and injunctive relief against Reyes in his official capacity.  (D.E. 113, p. 9).  Accordingly, Plaintiff's deliberate indifference claims against this defendant in his individual capacity for monetary relief and official capacity for declaratory relief remain.

- **Gamez –** The Court dismissed without prejudice Plaintiff's claims for monetary and injunctive relief against Gamez in his official capacity.  (D.E. 113, p. 9).  Accordingly, Plaintiff's deliberate indifference claims against this defendant in his individual capacity for monetary relief and official capacity for declaratory relief remain.

- **Lara –** The Court did not address any claim brought against Lara in the July 13, 2023 Order as he did not file an answer in this case until November 29, 2023.  (D.E. 165).  Accordingly, Plaintiff's deliberate indifference claims against this defendant in his individual and official capacity for monetary relief and official capacity for injunctive and declaratory relief remain.

- **Johnson –** All claims against Johnson (a Grievance Investigator) in his individual and official capacities were dismissed with prejudice in the July 13, 2023 Order. (D.E. 113, p. 8).

- **Garner –** The Court dismissed without prejudice Plaintiff's claims for monetary relief against Garner in his official capacity. (D.E. 113, p. 9). Accordingly, Plaintiff's deliberate indifference claims against this defendant in his individual capacity for monetary relief and official capacity for injunctive and declaratory relief remain.

- **Montoya –** The Court dismissed without prejudice Plaintiff's claims for monetary relief against Montoya in his official capacity. (D.E. 113, p. 9). Accordingly, Plaintiff's deliberate indifference claims against this defendant in his individual capacity for monetary relief and official capacity for injunctive and declaratory relief remain.

Pursuant to § 1915(e)(2)(B) and for the reasons set forth above on the issues of mootness and Eleventh Amendment immunity, the undersigned recommends that: (1) Plaintiff's claims for injunctive relief against Lara, Garner, and Montoya in their official capacities be dismissed without prejudice; and (2) Plaintiff's claims for declaratory relief against Nino, Reyes, Gamez, Lara, Garner, and Montoya in their official capacities be dismissed without prejudice. Lastly, for the same reasons set forth in the May 5, 2023 M&R (D.E. 97), as adopted by the Court in its July 13, 2023 Order (D.E. 113), the undersigned recommends that Plaintiff's claims against Lara in his official capacity for monetary relief be dismissed without prejudice pursuant to § 1915(e)(2)(B) as barred by the Eleventh Amendment.

## IV.    RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the Rule

12(b)(1) Motion to Dismiss filed by Sanchez and Director Lumpkin (D.E. 168) be

**GRANTED** in its entirety.  As such, the undersigned recommends that:

- Plaintiff's claims seeking injunctive relief against Sanchez and Director Lumpkin in their official capacities be **DISMISSED without prejudice** for lack of subject jurisdiction on mootness grounds;

- Plaintiff's claims seeking injunctive and declaratory relief against Sanchez and Director Lumpkin in their official capacities be **DISMISSED without prejudice** for lack of subject matter jurisdiction as barred by Eleventh Amendment immunity;

- Pursuant to § 1915(e)(2)(B), Plaintiff's claims seeking declaratory relief against Sanchez and Director Lumpkin in their official capacities be **DISMISSED without prejudice** for lack of subject matter jurisdiction on mootness grounds.

The undersigned further respectfully recommends that, pursuant to § 1915(e)(2)(B),

the Court:

- **DISMISS without prejudice** Plaintiff's claims for monetary relief against Sanchez in his official capacity as barred by the Eleventh Amendment;

- **DISMISS without prejudice** Plaintiff's claims for monetary relief against Lara in his official capacity as barred by the Eleventh Amendment;

- **DISMISS without prejudice** Plaintiff's claims for injunctive relief against Lara, Garner, and Montoya in their official capacities for lack of subject matter jurisdiction as barred by Eleventh Amendment immunity and on mootness grounds;

- **DISMISS without prejudice** Plaintiff's claims for declaratory relief against Nino, Reyes, Gamez, Lara, Garner, and Montoya in their official capacities for lack of subject matter jurisdiction as barred by Eleventh Amendment immunity and on mootness grounds.

Should the Court adopt the recommendations issued above, the following claims would therefore remain in this action: Plaintiff's Eighth Amendment deliberate indifference claims for monetary relief against Nino, Reyes, Gamez, Lara, Garner, and Montoya in their individual capacities.

Respectfully submitted on February 23, 2024.

Julie K. Hampton
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).