United States District Court
Southern District of Texas

**ENTERED**

April 03, 2024

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICHARD SCOTT SHAFER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00049 |
| | § | |
| JERRY SANCHEZ, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER ADOPTING MEMORANDA AND RECOMMENDATIONS</u>

Pending before the Court are the following:

1. Plaintiff's Motion for Rehearing (D.E. 140) with respect to his renewed request for preliminary injunctive relief, together with United States Magistrate Judge Julie K. Hampton's Memorandum and Recommendation (D.E. 161), recommending that the motion be denied; and

2. Defendants Sanchez and Director Lumpkin's Motion to Dismiss (D.E. 168), together with the Magistrate Judge's Memorandum and Recommendation (D.E. 172), recommending that Defendants' motion be granted and that, on screening the complaint, certain additional claims be dismissed and that others be retained.

Plaintiff was given proper notice of each of the memoranda and recommendations and an opportunity to object. Plaintiff timely filed his objections (D.E. 166) on December 6, 2023, to the first Memorandum and Recommendation. He has not filed any objections to the second.

In the first Memorandum and Recommendation, the Magistrate Judge concluded that Plaintiff's complaints, which were directed at the conduct of the preliminary injunction hearing and the rulings regarding the conditions in the McConnell Unit, were moot because he has since been transferred to the Stringfellow Unit. While Plaintiff continues to complain of the prior proceedings, his objections do not address this aspect of the mootness recommendation. The Court agrees that those issues are moot and the objections to prior proceedings are **OVERRULED**.

Plaintiff further claims in his objections that the matter is not moot because Defendants are currently in contempt of the preliminary injunctive order at the Stringfellow Unit, which injunction applies to any unit to which he may be transferred. D.E. 166. But Plaintiff's motion, on which the Memorandum and Recommendation was issued, predates his transfer. D.E. 140. Consequently, the motion did not raise any issue regarding Defendants' conduct at the Stringfellow Unit and the Court did not consider such. The objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's memoranda and recommendations, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's memoranda and recommendations to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge (D.E. 161). Accordingly, Plaintiff's Motion for Rehearing (D.E. 140) is **DENIED.**

The Court further **ADOPTS** as its own the findings and conclusions of the Magistrate Judge (D.E. 172) and **GRANTS** the Motion to Dismiss filed by Defendants Sanchez and Director Lumpkin (D.E. 168) in its entirety. As such,

- Plaintiff's claims seeking injunctive relief against Defendants Sanchez and Director Lumpkin in their official capacities are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction on mootness grounds;

- Plaintiff's claims seeking injunctive and declaratory relief against Defendants Sanchez and Director Lumpkin in their official capacities are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction as barred by Eleventh Amendment immunity;

- Pursuant to § 1915(e)(2)(B), Plaintiff's claims seeking declaratory relief against Defendants Sanchez and Director Lumpkin in their official capacities are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction on mootness grounds.

Pursuant to § 1915(e)(2)(B), the Court:

- **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims for monetary relief against Defendant Sanchez in his official capacity as barred by the Eleventh Amendment;

3 / 4

- **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims for monetary relief against Defendant Lara in his official capacity as barred by the Eleventh Amendment;

- **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims for injunctive relief against Defendants Lara, Garner, and Montoya in their official capacities for lack of subject matter jurisdiction as barred by Eleventh Amendment immunity and on mootness grounds;

- **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims for declaratory relief against Defendants Nino, Reyes, Gamez, Lara, Garner, and Montoya in their official capacities for lack of subject matter jurisdiction as barred by Eleventh Amendment immunity and on mootness grounds.

The Court **RETAINS** the following claims: Plaintiff's Eighth Amendment deliberate indifference claims for monetary relief against Defendants Nino, Reyes, Gamez, Lara, Garner, and Montoya in their individual capacities.

**ORDERED** on April 3, 2024.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE