United States District Court
Southern District of Texas
**ENTERED**
December 13, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICHARD SCOTT SHAFER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00049 |
| | § | |
| ANTONIO GAMEZ, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING MEMORANDUM AND RECOMMENDATION
TO DENY PLAINTIFF'S MOTION
TO HOLD DEFENDANTS IN CIVIL CONTEMPT**

Pending before the Court is Plaintiff's Motion to Hold Defendants in Civil Contempt (D.E. 173). On September 12, 2024, after an evidentiary hearing, United States Magistrate Judge Julie K. Hampton issued a Memorandum and Recommendation (M&R, D.E. 188), certifying the facts presented and recommending that Plaintiff's motion be denied. Plaintiff timely filed his objections on September 20, 2024. D.E. 192, 192-1 (reflecting date-stamp that objections were placed in the mail).

First, Plaintiff states that the personnel in the Stringfellow Unit's mailroom opened his legal mail outside of his presence. D.E. 192, p. 1 (item 1). This action does not encompass any complaints regarding the Stringfellow Unit's mailroom and any objection regarding such a complaint is outside the scope of this case. It is **OVERRULED**.

Second, Plaintiff objects to Defendants' failure to supply him with copies of their exhibits prior to the hearing so that he could prepare his response. D.E. 192, pp. 2-3. He

acknowledges that he was given on-screen access to all documents offered into evidence during the hearing. But he complains that the quality of the images was poor, denying him an effective opportunity to fully review them and that his lack of legal training makes it difficult for him to make objections at hearings. D.E. 192, p. 3. To address this, the Magistrate Judge ordered that Defendants supply Plaintiff with copies of the exhibits post-hearing.

Plaintiff now complains that Defendants have failed to supply him with those post-hearing copies in violation of Federal Rule of Civil Procedure 26, Federal Rule of Evidence 301, and the Magistrate Judge's order. D.E. 192, p. 3 (items 2, 3, part of 5, and 6). This objection fails because

> (a) Plaintiff has not explained how Rule 26, which exempts prisoner cases from mandatory initial disclosures and otherwise addresses discovery in advance of trial, applies to evidence supplied during a hearing on an ancillary motion;
>
> (b) Plaintiff has not explained how Rule 301, which addresses presumptions in civil cases and the burden of producing evidence, applies to any specific issue in this case or how it overrides or modifies the well-settled burden of proof in civil contempt matters;
>
> (c) Plaintiff did nothing to apprise the Magistrate Judge of Defendants' noncompliance at a time when remedial action could be taken; and

(d) Plaintiff did not seek an extension of time to file his objections so that he could first enforce the disclosure and determine whether the exhibits reflect any error in the Magistrate Judge's recommendations.

The second objection is **OVERRULED** because Plaintiff has not shown that Defendants' exhibits reflect any substantive error in the recommendation and because the procedural matter was not adequately brought to the Magistrate Judge's attention prior to being raised in these objections. Generally, a claim raised for the first time in objections to an M&R is not properly before the district court and therefore is waived. *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992); *see also, e.g., Place v. Thomas*, No. 2-40923, 2003 WL 342287, at *1 (5th Cir. Jan. 29, 2003) (per curiam).

Third, Plaintiff objects that the Magistrate Judge did not address his claim of retaliation. He argues that—because he would not drop three lawsuits involving conditions at the McConnell Unit—certain Defendants and their counsel conspired to moot his requests for injunctive relief in those cases and get one of them dismissed in its entirety by transferring his housing from the McConnell Unit to the Stringfellow Unit. D.E. 192, p. 2 (item 4). A claim for retaliation is a separate cause of action, which is not properly brought as a makeweight claim in a contempt proceeding.

More specifically,

> Under Fifth Circuit precedent, prison officials may not retaliate against or harass an inmate for exercising his right to access courts or for complaining about an official's misconduct. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995); *Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir. 1986). However, because "[t]he prospect of endless claims of retaliation on the part of

> inmates would disrupt prison officials in the discharge of their most basic duties," claims of retaliation must be viewed with skepticism and scrutinized carefully. *Woods*, 60 F.3d at 1166. To state a valid claim for retaliation, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998); *Johnson* [*v. Rodriguez*], 110 F.3d [299,] 310 [(5th Cir. 1997)]. The inmate plaintiff must also be prepared to establish that, but for the retaliatory motive, the event about which he complains would not have occurred. *Woods*, 60 F.3d at 1166 ("This places a significant burden on the inmate.").

*West v. Blair*, 254 F.3d 1081 (5th Cir. 2001).

Here, nothing in the injunction order restricted Defendants from transferring Plaintiff to a different housing unit. And the Magistrate Judge clearly limited the issues being decided to acts of contempt with respect to the injunction order while Plaintiff was housed at the McConnell Unit. D.E. 188, p. 7. Therefore, any transfer of housing is a matter outside the scope of the contempt proceeding. The Magistrate Judge did not err in failing or refusing to address the retaliation claim in the context of the contempt proceeding. The objection is **OVERRULED**.

Fourth, Plaintiff objects to the admission of "the statements by other officers, which allegedly stopped by Plaintiff's cell to check on him" because they are "questionable conclusionary statements." D.E. 192, p. 3 (remaining portion of item 5). Plaintiff fails to identify the challenged witnesses or the substance of their statements. Ordinarily, witnesses may testify to the facts at issue in their own interactions without running afoul of an impermissible conclusive representation. In any event, an objection must point out

with particularity the alleged error in the magistrate judge's analysis. Otherwise, it does not constitute a proper objection and will not be considered. Fed. R. Civ. P. 72(b)(2); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). The objection is **OVERRULED** as vague.

Fifth, Plaintiff objects to the Magistrate Judge's evaluation of the comparative weight of the evidence because his own evidence was documented almost contemporaneously with the events at issue whereas the dates on Defendants' documentary evidence were much later and because Defendants' witnesses answered questions only on the basis of the written documents. D.E. 192, pp. 3-4 (item 7). Plaintiff has not provided any authority that the date of documenting evidence is determinative or even a heavily persuasive factor in evaluating evidence.

More importantly, the Magistrate Judge explained that Plaintiff's evidentiary burden in a contempt proceeding is to show a prima facie case by "clear and convincing evidence." D.E. 188, pp. 8-9. The only fact element in dispute is whether Defendants failed to comply with the preliminary injunction order on September 7 or 9, 2023. D.E. 188, pp. 11-12. The Magistrate Judge concluded that Plaintiff did not meet his burden by clear and convincing evidence. Nothing in Plaintiff's objection points with particularity to any error that would change that conclusion. *See* Fed. R. Civ. P. 72; *Malacara*, 353 F.3d at 405. The objection is **OVERRULED**.

Sixth, Plaintiff objects to the testimony of the Senior Warden of the McConnell Unit and the TDCJ risk management official as relating only to policies and blank checklists,

without documenting specific compliance with the injunction order, rendering their testimony conclusory. D.E. 192, p. 4 (item 8). He again cites Federal Rule of Evidence 301, which does nothing to support his argument when he has the burden of proof by clear and convincing evidence. *Id*.

The Magistrate Judge recited that she received and considered the testimony of six witnesses and eight exhibits. D.E. 188, pp. 7-8. Plaintiff's challenge to two witnesses and one exhibit is insufficient to demonstrate that the remaining evidence was clear and convincing in his favor. His complaints about this evidence are further inaccurate because the evidence is not conclusory when one of the issues is a knowing violation of the injunction and the testimony goes to the issue of whether Defendants took adequate steps and had adequate policies in effect to ensure compliance. Because the Court must consider all of the evidence in context and this specific complaint is insufficient to nullify the testimony of the remaining witnesses and the remaining exhibits, the objection is **OVERRULED**.

Seventh, Plaintiff objects that Defendants did not, and could not, comply with the AD-10.64 heat mitigation policy during lockdowns. D.E. 192, pp. 4-5 (items 9 and 10). Yet, the Magistrate Judge detailed the evidence regarding respite measures on the two days in question and determined that the evidence was "compelling" that Defendants did, in fact, offer respite care to Plaintiff in compliance with Policy AD-10.64. D.E. 188, pp. 16-18. Plaintiff's accusation that the Defendants' witnesses were lying is an insufficient challenge.

The district court rehears evidence of contempt only when the magistrate judge recommends a finding of contempt and the subject party appeals that recommendation to the district court. 28 U.S.C. § 636(e)(6).

> Although not abundantly clear from the statute or case law, ***where a magistrate judge certifies facts suggesting that contempt is not warranted, the reviewing district judge need not conduct a subsequent hearing to determine if an act constitutes contempt*** because the magistrate did not certify facts suggesting as much. *See* § 636(e)(6)(B) ("The district judge shall thereupon hear the evidence as to the act or conduct complained of and, ***if it is such as to warrant punishment***, punish such person in the same manner and to the same extent as for a contempt committed before a district judge."); *see also Bear Stearns Cos. v. Lavalle*, No. 3–00–CV–1900–D, 2002 U.S. Dist. LEXIS 3582, at *3 (N.D. Tex. Mar.4, 2002) (Sanderson, M.J.) ("The credibility of Defendant's representations will be decided by the District Court at its show cause hearing. The District Court will also determine whether Defendant's conduct, as it is found by the court, constitutes civil and/or criminal contempt ***as previously recommended by the magistrate judge***.").

*S.E.C. v. ABC Viaticals Inc.*, No. 3:06-CV-02136-P, 2013 WL 1288168, at *4 (N.D. Tex. Mar. 28, 2013) (emphasis added). The objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge.

Accordingly, Plaintiff's motion to hold Defendants in civil contempt (D.E. 173) is **DENIED**.

    **ORDERED** on December 13, 2024.

                                                           _____
                                                           NELVA GONZALES RAMOS
                                                           UNITED STATES DISTRICT JUDGE